(21 App. Div. 339.)

ANGEL v. CLARK et al.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

1. MORTGAGES—FORECLOSURE—SALE—WHEN SET ASIDE.

A referee's sale on foreclosure of a mortgage will be set aside where the referee, who had the sole power to conduct the sale, the day before the sale, on a reasonable application by defendants for a postponement of about 10 days, notified their attorney that the sale would be postponed as requested, and defendants were notified that the postponement had been granted, but the referee, notwithstanding his promise to postpone it, made the sale the next day, at the instance of plaintiff's attorney, and defendants' attorney, who lived about 20 miles distant, did not know until about the hour of the sale that it would occur, when he was informed by plaintiff's attorney by telephone.

2. SAME.

It was no excuse for such sale that one of defendants was present before the sale, and repeatedly asked plaintiff to adjourn the sale, which he refused to do; and that just before the sale either plaintiff or his attorney repeated the statement that they would not adjourn it.

3. SAME—RIGHTS OF PURCHASER.

Where a referee's sale on foreclosure of mortgages is set aside because, on defendants' application for postponement for about 10 days, the referee notified defendants' attorney that the sale would be postponed as requested, and the sale was not made to plaintiff, a referee will be appointed to ascertain payments and expenditures by the purchaser, and also his receipts, income, and advantages derived from the premises; and the amount to which the purchaser is found to be entitled will be ordered paid out of the avails of the subsequent sale, prior to payment of the mortgage.

Appeal from special term.

Action by Benjamin F. Angel against Alexander S. Clark and Margaret Clark, impleaded with others, to foreclose a mortgage, in which there was a decree for plaintiff, and a sale by a referee. From an order denying the motion of the defendants named to reopen the sale, they appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles J. Bissell, for appellants.

John H. Coyne, for respondent Milliman.

John B. Abbott, for respondent Angel.

PER CURIAM. A judgment of foreclosure and sale of mortgaged premises consisting of two parcels of land, one of which was owned by defendant Alexander S. Clark, and the other by defendant Margaret Clark, was duly made and entered in this action. A referee was appointed therein for the purpose of making such sale. The referee duly advertised the premises for sale. Owing to the necessity for a modification of the judgment in certain particulars, the sale was adjourned to the 27th day of March, 1897, at 10 o'clock in the forenoon. On the 26th day of March the attorney who was then acting for the defendants deemed it advisable and necessary in the interest of these defendants that the sale should be postponed for about 10 days, and on the last-named day made application to the referee for such an adjournment. It appears from the record that such request was reasonable. The referee so considered it, and admits that he in-

formed defendants' attorney that the sale would be postponed as requested. Defendants were duly notified that such postponement had been granted. Notwithstanding the fact that the referee admits that he informed the attorney for the defendants that the sale would be adjourned, and knew that the attorney relied upon the statement, the referee proceeded to and did sell the premises the next day at the time advertised for such sale. The attorney for defendants resided at Rochester. The sale took place at Geneseo, some 20 miles away. The attorney had no intimation that the referee would break his faith with the attorney, until about the hour of the sale, when he was informed by telephone that the referee would proceed with the sale. This information was given, not by the referee, but by the plaintiff's attorney, who seems to have taken the entire management of the sale and of the referee. The referee offers nothing which can be received as an excuse for his conduct. He says that defendant Alexander Clark was present before the sale took place, and "repeatedly asked Mr. Angel to adjourn the sale, which he refused to do." He further states in his affidavit that just previous to his offering the premises for sale "either Angel or Abbott repeated the statement that they would not adjourn the sale." This presents no excuse for the referee. He seems to have acted upon the supposition that the plaintiff and his attorney were empowered to conduct the sale, and that the power of proceeding therewith, or of adjourning the sale, was left entirely within their discretion. The power to make this sale was intrusted solely to this referee. The court confided to him the authority to carry out its judgment. He was appointed referee for the purpose of making and conducting the sale therein authorized in an open, honest, and impartial manner, and to the protection of the interests of all the parties interested in the property or affected by such sale. He was empowered to grant a reasonable adjournment of such sale if, in the exercise of a sound judgment and wise discretion, he deemed it advisable to the protection of the rights of interested parties. A case was presented to him for the exercise of that judgment and discretion. He recognized the reasonableness of the request, and consented thereto, but failed to keep his agreement; and by reason thereof, as clearly appears from the record, the rights of the defendants were prejudiced. The court ought not to countenance such acts, but should afford ready relief upon the presentation of such a condition of affairs. The purchaser at the sale was not a party to the action, but is a party to this proceeding, and his rights should be protected. A referee should be appointed to take testimony as to the purchaser's payments and expenditures, and also his receipts, income, and the advantages which he has derived from the premises purchased by him. Upon the coming in and confirmation of the referee's report, the amount to which the purchaser is found to be entitled should be ordered paid out of the avails of the sale, prior to the payment of the first mortgage.

The order appealed from is reversed, with $10 costs and disbursements. The motion to reopen the sale is granted, with $10 costs. The sale is vacated, and a reference ordered to L. R. Doty, Esq., an

attorney and counselor at law, of Geneseo, N. Y., to take testimony as to the purchaser's payments and expenditures and his receipts, income, and advantages derived from the premises. Upon the coming in and confirmation of the referee's report, the balance found due to the purchaser shall be paid out of the avails of the resale, prior to the payment of the first mortgage.