### BARR v. BENZENGER et al.

(Supreme Court, Appellate Division, Fourth Department.  March 26, 1898.)

MORTGAGE SALE—REVOCATION.

    A referee sold property on foreclosure, at 10 a. m. on the day advertised, to L., for $4,200, one-tenth to be paid at once.  L. gave his check for $420, but, owing to a mistake of the drawee bank in regard to allowing his overdrafts, payment was refused; and, at 3 p. m. of the same day, the referee, without notice, sold the property to B., the only bidder, for $3,000.  Next morning, L. tendered $420 in redemption of his check, which was refused.  D., two days later, bought the premises of B. for $4,500, and he testified that, if he had been notified of the resale, he would have at least equaled his bid of $4,150 made in the morning.  *Held*, that the sale should be set aside.

Appeal from special term.

Action by George D. Barr, as administrator of Parmelia H. Kester, against Martha Benzenger and others, for a foreclosure.  A judgment of foreclosure was granted, and the property sold under two sales, to two different parties.  From an order denying a motion of the first purchaser and of one of defendants to set the sale aside and to direct a resale, the second purchaser appeals.  Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Eugene M. Bartlett, for appellant William H. Barr.

Thomas C. Welch, for respondent Christian C. Luippold.

William B. Frye, for respondent Jacob Benzenger.

FOLLETT, J.  April 27, 1897, a judgment of foreclosure was entered in this action, and Urban C. Bell was appointed by it to sell the mortgaged premises.  The premises were duly advertised to be sold at 10 o'clock a. m. on the 25th day of May, 1897, at which time the property was duly exposed for sale, and struck off to Christian C. Luippold, for $4,200, he being the highest bidder.  By the terms of sale, the purchaser was to pay 10 per cent. down, and the remainder in 10 days.  The purchaser gave his check for $420, drawn on the Citizens' Bank of Buffalo, and signed the following:

"Memoranda of Sale.

"I have, this 25th day of May, 1897, purchased the premises described in the above-annexed printed advertisement of sale, for the sum of four thousand two hundred dollars, and hereby promise and agree to comply with the terms and conditions of the sale of said premises, as above mentioned and set forth.

"[Copy of advertisement attached.]

"Dated May 25th, 1897.  Christian C. Luippold."

The sale was held open until 3 o'clock in the afternoon of that day.  The check was presented to the drawee for payment, and payment was refused.  The drawer had an account at that bank, and between two and three hundred dollars to his credit, and also had collateral

therein to secure any overdraft which he might make. The president of the bank testified that, had his attention been called to the check, it would have been paid, as the drawer had deposited collateral with which to secure overdrafts. The check not being paid, the referee, at 3 o'clock, offered the property for sale. There were but three persons present, and but one bid made, by William H. Barr, a son of the plaintiff, who bid $3,000 for the property, which was immediately struck off to him for that sum. At the sale in the morning, James A. Darlington and John J. Kreuz, partners under the firm name of Darlington & Kreuz, who occupied a portion of the premises, bid $4,150. There were other bidders who bid at the morning sale more than $3,000, but none of them, though living in the same city where the sale was made, were notified that a resale was to be made. The property was hurriedly struck off to the person, and at the sum bid, evidently for a purpose. The next morning, Luippold, the purchaser, heard that a resale had been made, and tendered to the referee $420 in gold, in redemption of his check, but it was refused. May 27, 1897, the referee conveyed the premises to William H. Barr, the purchaser at the afternoon sale. May 28, 1897, the referee made his report of sale, showing a surplus of $843.55, and on the same day an order was entered confirming the sale. May 29, 1897, William H. Barr conveyed the premises to Darlington & Kreuz for the recited consideration of $1. The real consideration was $4,500; and the grantees testified, on the hearing before the referee, that, if they had been notified of the resale, they would have bidden at last the amount which they bid in the morning,—$4,150. The check drawn by Luippold was evidently given in good faith, and its nonpayment by the bank was a mistake. By this transaction, the plaintiff in the action, or his son, made $1,500, at the expense of Benzenger, the owner of the fee, and also exposed Luippold to an action for damages for failure to perform his contract of purchase. The transaction bears a suspicious aspect, and I think the evidence amply sustains the report of the referee that the sale should be set aside, and the order of the court confirming it and directing a resale should be affirmed. The referee who made the sale, instead of acting on his own judgment, acted under the direction of one of the attorneys for the plaintiff, who made the bid for William H. Barr, the second purchaser.

It is the duty of the courts to see that judicial sales are fairly conducted, and that the rights of persons interested in the property and of honest bidders are protected. This duty is primarily delegated to the referee who is appointed to make the sale. In this case, the referee having been offered much more for the property in the morning than it was sold for in the afternoon, it became his duty to adjourn the sale, or notify the former bidders that a resale was to be had, and he should not have allowed the property to be sacrificed in the interest of any one. Angel v. Clark, 21 App. Div. 339, 47 N. Y. Supp. 731.

The order should be affirmed, with costs. All concur.