PETER MOLLER, JR., and Others, Appellants, *v.* LUCY S. WATTS, Respondent, Impleaded with JOHN DANIELL, JR., Appellant, and Others.

*Foreclosure sale — an unfulfilled promise by the referee to allow the owner to redeem after the sale — when it is not a ground for a resale.*

A referee in conducting a sale of real property under a judgment foreclosing a mortgage thereon stated, in reply to an application by the owner of the equity of redemption for an adjournment of the sale, that he would hold the sale open for thirty days, and that if the owner of the equity of redemption should offer him an amount sufficient to discharge the liens upon the property, he would receive it and cancel the sale, but refused to incorporate such statement into the terms of sale. The sale then proceeded, and the owner of the equity of redemption within thirty days thereafter tendered to the referee the amount of the liens on the property, which the referee declined to accept.

*Held,* that as it did not appear that an inadequate price had been realized on the sale in consequence of the referee's statement, or that any prospective bidder stood mute or restricted his bid in consequence thereof, the court would not set aside the sale and direct a resale of the property.

*Semble,* that the referee had no official authority to make the statement.

WOODWARD, J., dissented.

APPEAL by the plaintiffs, Peter Moller, Jr., and others, and by the defendant, John Daniell, Jr., from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 21st day of November, 1900, granting a motion to set aside a sale in foreclosure and directing a resale.

*Harry N. Avery* and *Abel E. Blackmar,* for the appellants.

*Joseph F. Daly,* for the respondent.

JENKS, J.:

This is an appeal from an order of the Special Term granting a motion to set aside a sale under a mortgage foreclosure and directing a resale. Mr. Daniell, the appellant, was the second mortgagee and the purchaser at the sale. The sale was set for October 1, 1900, and was adjourned until the fifteenth of that month. The amount of the first mortgage lien with costs was $26,000, and the total amount of liens, including the taxes and the second mortgage, was

about $40,000. At the beginning of the sale the attorney for the defendant, Mrs. Watts, who was the owner of the equity of redemption, asked an adjournment. The attorneys for the plaintiff and for Mr. Daniell respectively opposed, and the referee denied the application and then made a statement. The defendant's attorney, Mr. Jaffray, an unsuccessful bidder, Mr. Emberson, a real estate broker, Joseph F. Daly, Esq., John H. Coyne, Esq., and the defendant, Mrs. Watts, make affidavits respectively to the effect that the referee, on denying the application, stated that he would hold the sale open for thirty days, and that if within that time the defendant Watts would offer him the amount sufficient to discharge the liens on the premises he would receive it and cancel the sale. The referee deposes that he stated that he " saw no reason why the owner of the equity should not come in at any time within thirty days after the sale, being the time set for closing title, and redeem the property on paying the judgment and all other encumbrances and expenses incurred, and that the owner of the equity would have that opportunity." Walter Vreeland, Esq., Mr. Daniell, the purchaser, Ralph Sturges, Esq., in their affidavits substantially agree with the referee. The referee then proceeded with the sale, read the ordinary terms of sale, and, after some bidding, struck down the premises to Mr. Daniell, who paid the required percentage and signed the terms of sale. On the day before the title was closed, Mr. Jaffray, with his counsel and the counsel for the defendant Watts, tendered the referee a sum sufficient to redeem the premises, which was refused. The learned counsel for the respondent argues that the sale was rightly vacated on the ground of inadequacy of price, and cites Thomas on Mortgages, section 974. The exact language of the text is: " While inadequacy of consideration, standing alone, affords no conclusive reason for setting aside a sale, it is always a material element when joined with other circumstances." In *Housman* v. *Wright* (50 App. Div. 606) this court, per HIRSCHBERG, J., said : " In *Wesson* v. *Chapman* (76 Hun, 592) there appears to have been an offer to bid double the amount of the sale sought to be set aside, but the court said (p. 596) : ' Mere inadequacy of price is not a ground for such relief unless it be so great as to shock the conscience of the court and raise the inference of unfairness or fraud, or unless there are circumstances

of mistake or surprise.' (*O'Donnell* v. *Lindsay*, 7 J. & S. 523; *Kellogg* v. *Howell*, 62 Barb. 280; *Gould* v. *Gager*, 18 Abb. 32; *Tripp* v. *Cook*, 26 Wend. 143; *Am. Ins. Co.* v. *Oakley*, 9 Paige, 259.)" It is true that the defendant, Mrs. Watts, the owner of the equity of redemption, and Mr. Emberson, a real estate broker, depose that the premises are worth from $60,000 to $65,000, and Mrs. Watts further deposes that they are assessed for the latter sum. But aside from these statements, there was nothing before the court upon the motion, save the affidavit of Mr. Jaffray, who deposes that he would be willing to bid on the sale at least the sum of $41,000. This is but $900 more than the sum bid, and $400 over the sum of the present amount due and of the purchaser's expenses. It does not appear that any one has offered more than $41,000, or that at a forced sale the premises would bring any amount in excess of the price bid by the purchaser. But Mr. Jaffray attended the sale and bid thereat $40,000, and it appears that he stated that his orders were "to stop" at that figure. The referee deposes that thereafter an alleged representative of Mr. Jaffray stated to him that he had sought an assignment of Mr. Daniell's bid, which was refused. In this statement he is corroborated by Mr. Daniell's attorney. The referee further deposes that the said representative, together with Mr. Jaffray and the attorney for the defendant, Mrs. Watts, called upon him, and that the last named tendered him $41,000 on account of his announcement at the sale of the privilege of redemption. In *Livingston* v. *Byrne* (11 Johns. 555) the court, per YATES, J., said: "A sale made at auction, and under process of law, ought not to be invalidated for mere inadequacy of price without additional circumstances to justify it. * * * It is necessary to secure proper confidence on the part of purchasers at sales of this description, and to render titles, if fairly obtained, certain and not liable to be impeached by the various opinions as to its value. In the case now before us no allegation of fraud appears. There is no part of the respondent's conduct which will warrant the suspicion of unfairness. He was the highest bidder, in the presence and hearing of the appellant himself, and of a number of other citizens, who might have enhanced the price upon him if they had been so disposed." In *Coudert* v. *De Logerot* (30 N. Y. Supp. 114; affd. without opinion, 143 N. Y. 644), where the court assumed

from the affidavits that the property would sell for an increase of about three per centum of the amount realized at the sale, it held that such a prospective increase would never justify the court in setting aside the sale.

The defendant was present with her counsel at the sale, and had applied for an adjournment. The referee was not bound to grant any adjournment. One adjournment had been ordered for two weeks, and the affidavit of the plaintiffs' attorney states that it was for the purpose of giving the owner of the equity of redemption an opportunity to secure a loan to cancel all claims against the property. The referee had no official power to make the statement in question. His authority was to carry out the judgment of the court. (*Angel* v. *Clark*, 21 App. Div. 339.) The terms of the sale could not vary the judgment. (Thomas Mort. § 935.) The referee was careful to differentiate his statement as to redemption from the formal terms of sale, for he deposes that one of the counsel referring to his statement said to him : " Mr. Referee, will you incorporate that in the terms of sale?" to which he replied : " No, I will not incorporate that in the terms of sale. The terms of sale are in writing and will be read presently." This is not denied, and the referee is corroborated by other affiants. It does not appear that the defendant, Watts, was thereby prejudiced, at least so far as the conduct of the sale was concerned. It does not appear that in consequence of such statement any prospective bidder stood mute, or that any bidder restricted his bid.

I think that the order was erroneous, and that it must be reversed.

All concurred, except WOODWARD, J., dissenting.

Order reversed, with ten dollars costs and disbursements.