MOLLER v. WATTS et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

1. MORTGAGES—JUDICIAL SALE—PRICE—INADEQUACY.
    Where, on a motion to set aside a sale of property under a mortgage foreclosure, it appeared that other bidders were willing to offer only a very slight increase over the amount bid at the sale, and that the sale was fairly conducted, in the presence of the mortgagor, an order setting the sale aside, and directing a resale, was erroneous.
2. SAME—CONDUCT OF SALE—STATEMENT BY REFEREE.
    Where, on a sale of property by referee under a mortgage foreclosure, the referee made an unauthorized statement in regard to the redemption of the land to be sold, but did not incorporate the statement in the terms of the sale, and the statement did not deter bidders or affect the sale, it will not justify setting aside the sale.
    Woodward, J., dissenting.

Appeal from special term.

Action by Peter Moller against Lucy Watts and others to foreclose a mortgage. From an order of the special term setting aside the sale under the decree of foreclosure, and directing a resale, plaintiff and the purchaser at such sale appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Harry W. Avery and Abel E. Blackmar, for appellants.
Joseph F. Daly, for respondents.

JENKS, J. This is an appeal from an order of the special term granting a motion to set aside a sale under a mortgage foreclosure and directing a resale. Mr. Daniel, appellant, was the second mortgagee and the purchaser at the sale. The sale was set for October 1, 1900, and was adjourned until the 15th of that month. The amount of the first mortgage lien, with costs, was $26,000, and the total amount of liens, including the taxes and the second mortgage,

was about $40,000. At the beginning of the sale the attorney for the defendant Mrs. Watts, who was the owner of the equity of redemption, asked an adjournment. The attorneys for the plaintiff and for Mr. Daniel, respectively, opposed, and the referee denied the application, and then made a statement. The defendants' attorney, Mr. Jaffray, an unsuccessful bidder, Mr. Emberson, a real-estate broker, Joseph F. Daly, Esq., John H. Coyne, Esq., and the defendant Mrs. Watts make affidavits, respectively, to the effect that the referee, on denying the application, stated that he would hold the sale open for 30 days, and that, if within that time the defendant Watts would offer him the amount sufficient to discharge the liens on the premises, he would receive it, and cancel the sale. The referee deposes that he stated:

"He saw no reason why the owner of the equity should not come in at any time within thirty days after the sale, being the time set for closing the title, and redeem the property, on paying the judgment and all other incumbrances and expenses incurred, and that the owner of the equity would have that opportunity."

Walter Vreeland, Esq., Mr. Daniel, the purchaser, and Ralph Sturges, Esq., in their affidavits substantially agree with the referee.

The referee then proceeded with the sale, read the ordinary terms of sale, and, after some bidding, struck down the premises to Mr. Daniel, who paid the required percentage and signed the terms of sale. On the day before the title was closed, Mr. Jaffray, with his counsel and the counsel for the defendant Watts, tendered the referee a sum sufficient to redeem the premises, which was refused. The learned counsel for the respondent argues that the sale was rightly vacated on the ground of inadequacy of price, and cites Thomas, Mortg. § 974. The exact language of the text is:

"While inadequacy of consideration, standing alone, affords no conclusive reason for setting aside a sale, it is always a material element, when joined with other circumstances."

In Housman v. Wright, 50 App. Div. 606, 64 N. Y. Supp. 71, this court, per Hirschberg, J., said:

"In Wesson v. Chapman, 76 Hun, 592, 28 N. Y. Supp. 192, there appears to have been an offer to bid double the amount of the sale sought to be set aside, but the court said (page 596): 'Mere inadequacy of price is not a ground for such relief, unless it be so great as to shock the conscience of the court, and raise the inference of unfairness or fraud, or unless there are circumstances of mistake or surprise.' O'Donnell v. Lindsay, 7 Jones & S. 523; Kellogg v. Howell, 62 Barb. 280; Gould v. Gager, 18 Abb. Pr. 32; Tripp v. Cook, 26 Wend. 143; Insurance Co. v. Oakley, 9 Paige, 259."

It is true that the defendant Mrs. Watts, the owner of the equity of redemption, and Mr. Emberson, a real-estate broker, depose that the premises are worth from $60,000 to $65,000, and Mrs. Watts further deposes that they are assessed for the latter sum. But, aside from these statements, there was nothing before the court upon the motion, save the affidavit of Mr. Jaffray, who deposes that he would be willing to bid on the sale at least the sum of $41,000. This is but $900 more than the sum bid, and $400 over the sum of the present amount due and of the purchaser's expenses. It does not appear that any one has offered more than $41,000, or that at a

forced sale the premises would bring any amount in excess of the price bid by the purchaser. But Mr. Jaffray attended the sale, and bid thereat $40,000, and it appears that he stated that his orders were "to stop" at that figure. The referee deposes that thereafter an alleged representative of Mr. Jaffray stated to him that he had sought an assignment of Mr. Daniel's bid, which was refused. In this statement he is corroborated by Mr. Daniel's attorney. The referee further deposes that the said representative, together with Mr. Jaffray and the attorney for the defendant Mrs. Watts, called upon him, and that the last named tendered him $41,000 on account of his announcement at the sale of the privilege of redemption. In Livingston v. Byrne, 11 Johns. 555, the court, per Yates, J., said:

"A sale made at auction, and under process of law, ought not to be invalidated for mere inadequacy of price, without additional circumstances to justify it. * * * It is necessary to secure proper confidence on the part of purchasers at sales of this description, and to render titles, if fairly obtained, certain, and not liable to be impeached by the various opinions as to its value. In the case now before us, no allegation of fraud appears. There is no part of the respondent's conduct which will warrant the suspicion of unfairness. He was the highest bidder, in the presence and hearing of the appellant himself, and of a number of other citizens, who might have enhanced the price upon him, if they had been so disposed."

In Coudert v. De Logerot (Sup.) 30 N. Y. Supp. 114, affirmed, without opinion, in 143 N. Y. 644, 37 N. E. 823, where the court assumed from the affidavits that the property would sell for an increase of about 3 per centum of the amount realized at the sale, it held that such a prospective increase would never justify the court in setting aside the sale.

The defendant was present with her counsel at the sale, and had applied for an adjournment. The referee was not bound to grant any adjournment. One adjournment had been ordered for two weeks, and the affidavit of the plaintiff's attorney states that it was for the purpose of giving the owner of the equity of redemption an opportunity to secure a loan to cancel all claims against the property. The referee had no official power to make the statement in question. His authority was to carry out the judgment of the court. Angel v. Clark, 21 App. Div. 339, 47 N. Y. Supp. 731. The terms of the sale could not vary the judgment. Thomas, Mortg. § 935. The referee was careful to differentiate his statement as to redemption from the formal terms of sale, for he deposes that one of the counsel, referring to his statement, said to him, "Mr. Referee, will you incorporate that in the terms of the sale?" to which he replied, "No; I will not incorporate that in the terms of the sale. The terms are in writing, and will be read presently." This is not denied, and the referee is corroborated by other affiants. It does not appear that the defendant Watts was thereby prejudiced, at least so far as the conduct of the sale was concerned. It does not appear that in consequence of such statement any prospective bidder stood mute, or that any bidder restricted his bid. I think that the order was erroneous, and that it must be reversed.

Order reversed, with $10 costs and disbursements. All concur, except WOODWARD, J., who dissents.