STATE REALTY & MORTGAGE CO. v. VILLAUME et al.

(Supreme Court, Appellate Division, First Department. November 15, 1907.)

1. JUDICIAL SALES—RESALE—INADEQUACY OF PRICE.

A resale will not be ordered on the sole ground of inadequacy in price, where the inadequacy is not such as will shock the conscience of the court, and raise an inference of unfairness or fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Judicial Sales, §§ 77, 78.]

2. MORTGAGES—FORECLOSURE—SALE—SETTING ASIDE—INADEQUACY OF PRICE—EVIDENCE.

An application to set aside a foreclosure sale on the ground of inadequacy of price was supported by the affidavit of the attorney for the applicant that he had been offered a certain price by many persons which he had refused, but not giving the names of the persons making such offers, or the circumstances or the dates thereof. He further stated that he was confident that on a resale sufficient could be secured to leave a substantial surplus, but did not support his belief by affidavits of experts, nor by any promises of higher bids, nor did he offer a bond to secure a higher price. Held insufficient to show inadequacy of price.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1545.]

3. SAME—IRREGULARITIES.

A judgment of foreclosure on a lot of land on which were built five houses described the lot as a whole, but directed the sale in parcels, without describing them, and that it be subject to three prior mortgages on the whole lot. The referee sold in five parcels by metes and bounds according to a survey made for him; each parcel being subject to the prior mortgages. Held, that a motion for a resale on the ground of irregularity in the sale by parcels was unfounded; the referee having sufficiently followed the judgment, especially since a resale would necessarily be subject to the same objection if such it was.

4. SAME—PUBLICATION OF NOTICE—IRREGULARITY.

The fact that one of the published notices of a judicial sale appeared under the heading "Surrogate's Notices" will not invalidate the sale where objectors were present at the sale, and no one was injured, misled, or deceived, and there were six additional publications in three weeks; that alone being full compliance with Code Civ. Proc. § 1678, regarding notice of sale in foreclosure.

Appeal from Special Term.

Action by the State Realty & Mortgage Company against Henry Villaume and others. From an order setting aside a sale upon foreclosure and directing a resale thereof, C. Adelbert Becker, the purchaser, appeals. Order reversed, and the sale reinstated.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

James Kearney, for appellant.
J. Wilson Bryant, for respondents.

CLARKE, J. This is an appeal by the purchaser at a mortgage foreclosure sale from an order setting aside the sale and directing a resale of the premises. The judgment of foreclosure and sale, entered on the 29th day of May, 1907, appointed a referee to sell, and directed that the said referee sell the said premises in separate parcels. The description of the property contained in said judgment was gen-

eral in its terms, giving the boundary and dimensions of the entire plot without particularizing the parcels directed to be sold separately. It appears that upon the property had been erected five apartment houses, completed or nearly so. The notice of sale contained the same description as contained in the judgment. Annexed to the notice was a diagram of the property to which was subjoined the statement: "Premises consist of five apartment houses, completed or nearly so, and lots; and are to be sold in separate parcels subject to existing tenancies and to the following three prior mortgages," describing them. The terms of the sale contained the statement: "Premises will be sold in five separate parcels, descriptions of which are hereto attached, marked respectively parcels 1, 2, 3, 4, and 5"; and annexed to the terms of the sale was a description of each parcel by metes and bounds. These descriptions were in accordance with the surveys of the lots as actually occupied. Each of these descriptions was read by the auctioneer as the sale of the parcels was announced. The prior blanket mortgages, with interest, amounted to $159,325.43 at the time of the sale, and were not held or owned by any party to the action. The property was sold for prices aggregating $35,400 subject to these mortgages, making a price of nearly $195,000. The sale was at the New York Real Estate Exchange rooms. No other sale was going on at the time, and there was no loud talking or confusion.

The grounds for the motion to set aside the sale, as appears from the moving papers, may be succinctly stated as (1) inadequacy in price; (2) irregularity in the sale of the land in parcels; (3) mistaken statement of the auctioneer as to the prior incumbrances; and (4) irregularity in one of the published notices of the sale. It is well settled that mere inadequacy in price is no ground for a resale. Livingston v. Byrne, 11 Johns. (N. Y.) 555. In Wesson v. Chapman, 76 Hun, 592, 28 N. Y. Supp. 192, it was said:

"Mere inadequacy in price is not a ground for such relief, unless it be so great as to shock the conscience of the court and raise the inference of unfairness or fraud, or unless there are circumstances of mistake or surprise."

See, also, Housman v. Wright, 50 App. Div. 606, 64 N. Y. Supp. 71; Moller v. Watts, 56 App. Div. 562, 67 N. Y. Supp. 488; Wilber v. Wilber, 119 App. Div. 740, 104 N. Y. Supp. 179.

In the matter at bar there is no satisfactory proof of inadequacy in price. The attorney for the respondents avers that he "has been offered $50,000 a house many a time by different people, which was refused," without any statement of the names of said people, the circumstances of the offer, or the amount or dates thereof. Without these details, and in the absence of the affidavits from the persons "many a time" making these offers, this statement has little probative force. He further avers "that, if there is a resale ordered, deponent is confident that there will not only be sufficient to cover all mortgage indebtedness, but an ample surplus left for the unsecured creditors after a sale thereof." This confidence of the attorney is not supported by the affidavits of experts as to value, nor by any promise of higher bids; nor is a bond offered to secure a better price. The confidence of the attorney cannot be substituted for facts upon which alone a

judicial discretion should be exercised. In regard to the claim of irregularity in the sale of the land by parcels, it is to be observed that, if there were irregularity in the sale, this could not be cured upon a resale. The description in the judgment would have to be followed upon a new notice of sale. The parcels would still have to be sold separately, and they would still be subject to the three prior mortgages. The referee caused separate descriptions, based on surveys and described by metes and bounds, to be attached to the notice and read to bidders. This is all that he could do upon a resale. He did not on the last sale, and he could not upon a new one, undertake to apportion the prior mortgages to the several parcels. They must still be sold subject to such mortgages, because they were and are all subject thereto. The referee has done with care and abundant caution all that he was required to do, and can do no more. There is no substance in this objection.

The respondents objected that one of the published notices of sale on July 17, 1907, in one of the newspapers appeared under the heading, "Surrogate's Notices"; but, if this were a technical irregularity, no one is shown to have been injured, misled, or deceived. The respondents had ample notice of the sale, and were represented thereat. Irrespective of this one publication, there were in addition thereto six publications in three weeks, and, so leaving out of consideration the notice complained of, the statute (section 1678, Code Civ. Proc.) was complied with. There is here no claim of fraud or willful deceit. There is no proof of such inadequacy in price as to shock the conscience of the court. There are no irregularities sufficient to invalidate the sale. Upon such a record the sale should not have been set aside. To do so would seriously affect the standing of judicial sales, discourage bidders, and reduce the prospects of obtaining a fair price upon such sales.

It follows therefore that the order appealed from should be reversed, with costs and disbursements to the appellant, and the sale reinstated. All concur.