SILVER CREEK CO–OPERATIVE SAVINGS & LOAN ASS'N v. SMITH et al.

(Supreme Court, Special Term, Chautauqua County.   August 12, 1915.)

1. MORTGAGES ☞529—FORECLOSURE—RESALE.

   A previous application by the mortgagors for resale of the premises upon foreclosure was denied without prejudice to a new motion on two days' notice, such motion to be made and heard within five days from the service of the order. The order was not served on the mortgagors, but on their attorney. *Held* that, it not appearing that the mortgagors did not receive immediate notice of the motion or that they were in any way prejudiced, they are not, five days having elapsed, entitled to present a new application for resale.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. ☞529.]

2. MORTGAGES ☞529—FORECLOSURE—SALES.

   An application on mortgage foreclosure for resale of the premises on ground of inadequacy of price will be denied, where the application contained no offer by a purchaser of an advanced price, and the showing that the property was sold at an inadequate price was controverted; and the owner's highest estimate of the value of the property, not being more than $2,000 over the price the property brought, was not enough to shock the conscience of the court.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. ☞529.]

Action by the Silver Creek Co-operative Savings & Loan Association against Frank L. Smith and others.   On motion by defendant and wife for a resale of the premises on mortgage foreclosure.   Motion denied.

Frank L. Smith, of Silver Creek, for the motion.
Carlton B. Livermore, of Silver Creek, opposed.

WOODWARD, J.   [1] This is a motion for a resale of premises upon foreclosure of a mortgage upon lands owned by the defendants M. Josephine Smith and Frank L. Smith, situate in the village of Silver Creek; the application being made by the above-named defendants. A previous application for this same relief has been made and denied, without prejudice to a new motion on two days' notice, such motion to "be made and heard within five days from the service of this order, and, if not so made and heard, then this motion is denied absolutely and unconditionally."

The moving affidavit of Frank L. Smith suggests, rather than alleges, that this order was not served upon him, and it appears from the answering affidavits that it was, in fact, served upon Herman J. Westwood, who appeared in the case as counsel for Mr. Smith, and it is not pretended that this present motion is under the authority of the order previously made.   It is sought by a second motion to practically effect a repeal of the original order, upon the technical ground that the order was not served upon Mr. Smith, appearing personally and as attorney for his wife.   There is no allegation that the contents and conditions of this order were not immediately made known to Mr. Smith, or that any effort was made, or carried out, to mislead him in

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

any manner, and under such circumstances it would hardly accord with the practice of this court to grant the relief suggested, where the moving party had failed to act under the provisions of the order, and had permitted it to become absolute, except for a mere irregularity in the service of the order, not shown to have prejudiced the moving party.

[2] On the merits, however, the moving papers are not sufficient to warrant a resale of premises sold under the provisions of a judgment of foreclosure in the orderly manner provided by law. The authorities are overwhelming that a mere inadequate price is not a ground for resale, unless it be so great as to shock the conscience of the court and raise the inference of unfairness or fraud, or unless there are circumstances of mistake or surprise. State Realty & Mortgage Co. v. Villaume, 121 App. Div. 793, 795, 106 N. Y. Supp. 698, and authorities there cited. Here the premises brought about $4,300, and the moving affidavits mention as the highest possible value of the property $6,000, while one of the affidavits makes the value at $5,700. Three of the persons making this estimate of value subsequently make affidavit to the effect that they hastily subscribed to the affidavits, already prepared for them, and that on more mature consideration they think the value is not more than that paid for the same upon the sale. No one suggests that he would be willing to pay more for the premises than was paid for them; no one appears to say that he was willing to bid more than was offered and accepted, or that he would, upon a resale, pay more than the price received. All that we have on the question of the inadequacy of the price are the affidavits of interested parties, with one or two friends, swearing generally that the property is worth $6,000. Opposed to this are the affidavits of several persons declaring that the price paid is the reasonable value of the premises; three of these affidavits being made by persons who had previously declared the value to be $6,000, evidently at the suggestion of the moving parties, and, if these affidavits be accepted as evidence, it is clear that the weight of the evidence is in favor of the respondents upon the question of value. That this would not justify a resale, see the case above cited.

Moreover, the defendant Smith was present at the sale, accompanied by his brother, and neither of them made any bid, nor took any steps to prevent the sale, except that it is suggested that he sought an adjournment on the ground that a brother in Colorado had telegraphed that he was willing to provide the money necessary to settle the liens. But it is not shown that the Colorado brother was prepared to furnish the money, or that he ever did furnish it, and there appears no good ground for supposing that this sale was not conducted in the customary and regular manner. Some of the affidavits allege that Mr. Smith actually approved of the sale at the time, and we discover no denial of this allegation. However this may be, the fact remains that the moving papers do not disclose a state of facts which justifies granting this motion.

The motion is denied, without costs.