Charles J. Beckinella, J.
In this action to foreclose a second mortgage on certain real property in the borough of Brooklyn defendant Hill, the owner of the equity of redemption, moves to vacate and set aside the Referee’s sale and to direct a resale.
The grounds upon which this motion is predicated are that: 1. The notice of sale of the Referee failed to state the amount of the first mortgage lien to which the property was being sold subject. 2. The Referee and auctioneer did not declare at the sale the amount of the first mortgage lien as required under the provisions of section 986 of the Civil Practice Act. 3. The notice of sale of the Referee failed to state that the terms of sale would be other than those usually and customarily given so as to require more than the customary cash payment of 10% of the bid price. 4. The terms of sale announced at the sale by the Referee and auctioneer required a cash payment of 25% of the bid price instead of the customary 10%. 5. The terms *1006 of sale as announced did not state when the balance of the bid price would have to be paid and then required the balance of the bid price to be paid to the Referee on the same day of the sale.
The first two objections set forth above are without merit. Section 986 of the Civil Practice Act provides inter alia, that “ The terms of the sale must be made known at the sale, and if the property or any part thereof is to be sold subject to the right of dower, charge or lien, that fact must be declared at the time of the sale.” Upon the record herein it appears that the notice of sale stated that the premises were being sold “ subject to a first mortgage now a lien on said premises in the principal sum of $8500 with accrued interest thereon as reduced.” (Emphasis supplied.) This statement was in conformity with the terms of the judgment. It was not so obscure and indefinite as to create an element of surprise. The effect of declaring the existence of encumbrances is to charge the purchaser at the sale with knowledge thereof. (8 Carmody on New York Practice, § 106, p. 84, et seq.) In the instant case the complaint sets forth that the second mortgage under foreclosure was subject to a prior mortgage on which there was a balance due of $1,700 and accrued interest, and which was also being foreclosed by the holder of said first mortgage. It is equally important to note that the terms of sale as read by the auctioneer declared that “ said premises are sold subject to a first mortgage, now under foreclosure, now a lien on said premises, which mortgage is in the principal sum of $8500 with interest thereon as reduced.” (Emphasis supplied.)
Thus the failure of the Referee to state the exact amount of the unpaid balance due on the first mortgage cannot be construed as an irregularity warranting the vacation of the sale and the direction of a resale.
The third and fourth objections are similarly without merit. Whether a requirement that the purchaser shall pay 25% on his bid is so unreasonable as to justify a resale depends upon the surrounding circumstances. (Tabor v. Brundage, 45 Hun 591, opinion in 10 N. Y. St. Rep. 867.) In the case at bar, taking into consideration such surrounding circumstances as the pending foreclosure action of the first mortgage which had already been reduced to judgment and sale; the existence of four judgment liens and three Federal liens amounting to approximately $9,400 affecting the defendant Hill personally as well as the property involved herein; tax arrears of almost two years; and the fact that this sale was subject to the right of the United States of *1007 America to redeem within one year from the date of the sale, it cannot be said that the Referee’s determination to require a deposit of 25% was unreasonable.
Furthermore, defendant Hill made no bids for the property. Only a Mr. Henry Pleus, who identified himself as a bidder, objected to the 25% deposit required in the terms of sale. In any event, Mr. Pleus made no bids, asked for ho adjournments and for no opportunity to bring additional money to comply with the terms of sale.
It has been held that a resale will not be granted on the ground of mere inadequacy of price, even though the mortgagee is the purchaser, unless the price is so low as to shock the conscience of the court. (Moller v. Watts, 56 App. Div. 562; see, also, 8 Carmody on New York Practice, § 877, p. 956, et seq.)
In the instant case it is significant to note that the property was sold for $7,500 and left a surplus of $2,377.28. The defendant asserts that in his opinion the property is worth about $17,000, but supplies no adequate proof of such claim. On the other hand, the attorney for the plaintiff submits the affidavits of two real estate experts, one of whom avers that the property in question is worth no more than $10,000 and the other states that it is worth no more than $10,500.
Taking into consideration the selling price of $7,500 and the balance due of $2,082.11 which appears herein to have been paid in satisfaction of the first mortgage, the cost of the property to the bidder amounts to over $9,500. This cannot be considered so inadequate as to shock the conscience of the court, despite the fact that the property was subsequently, and prior to the making of this motion, reconveyed for the sum of $11,000.
As to the fifth and last objection, suffice it to say that the terms of sale did not require payment of the balance of the purchase price on the day of the sale, but that such arrangement was agreed upon after the bidding was closed and the property purchased by the plaintiff.
In the light of all the foregoing and in the absence of any bona fide offer by the defendant, or anyone else, to pay a higher price than that accepted accompanied by an offer of security that a sum in excess of the sale price will be bid, the motion is denied in all respects.
Settle order on notice.