Richard D. Simons, J.
The defendants move for an order vacating and setting aside a mortgage foreclosure sale. It is claimed that at the time of the sale, the attorney for the plaintiff improperly announced to the assembled bidders that a mortgage prior to the one being foreclosed was in default and subject to call or foreclosure. Defendants claim that as a result, an inadequate price was received for the property.
The general principles for vacating a judicial sale on equitable grounds are set forth in Fisher v. Hersey (78 N. Y. 387). The court has wide discretion to grant relief where there has been fraud, collusion, mistake or misconduct casting suspicion on the fairness of the sale or such inadequacy of price as to shock the conscience of the court. (Cf., also, 15 Carmody-Wait 2d, New York Practice, § 92:342.)
The plaintiff held the second mortgage to the Hilton Hotel premises in Syracuse, New York. It obtained a judgment of foreclosure on that mortgage which proceeded to the sale here under question. There is a prior first mortgage on the premises held by Marine Midland Trust Company of Central New York. The plaintiff purchased the property at the foreclosure sale subject to the first mortgage.
It is not claimed that the proceedings were irregular or that the Referee was guilty of any misconduct. The property was sold in accordance with the terms of the judgment. The charge is that plaintiff’s attorney discouraged bidding by his statements at the foreclosure sale with respect to the status of the first mortgage.
At the time of the sale, in response to a question by one of the prospective bidders, the attorney for the plaintiff was asked whether or not the first mortgage was current. His response was that the first mortgage was in default, which in fact, it was. Whether or not further comment was added is a matter of some dispute. Defendants’ attorney states that this was the only comment made, but that the inference or impression was that the first mortgage was to be called. Plaintiff’s attorney denies making any statement to the effect that the first mortgage was to be called or foreclosed. Affidavits are submitted by two bidders. One states that the attorney for the plaintiff stated that the first mortgage ‘ ‘ was about to be ’ * called or foreclosed and the other states that the attorney stated it “ might possibly ” be called or foreclosed. It is noted that *31 the attorney for the plaintiff is also a member of the law firm representing the first mortgagee, although he stated at the time of sale that he appeared solely for the plaintiff and did not in any sense represent the rights of the first mortgagee.
The defendants appeared at the sale personally with their attorneys. They took no exception to the statements made, did not attempt to clarify them, nor did they ask for any adjournment of the sale.
While there is considerable controversy in the moving papers over whether the first mortgage was in default, it obviously was and the defendants knew it. The terms of the sale forwarded to the defendants a matter of days before the sale and read to the bidders at the time of sale expressly stated that the sale would be subject to the first mortgage with principal and interest due from December 1, 1967, thereby indicating a default in the payments. The defendants had received a notice from the first mortgagee prior to sale showing a double payment due and the Referee’s report shows that the second mortgagee had made payments on the first mortgage since August, 1967.
There was not any fraud, mistake or surprise preventing a fair sale. Nothing in these remarks granted an unfair advantage to the second mortgagee as a bidder.
The admitted statements of plaintiff’s attorney with respect to the defaulted condition of the first mortgage were true. Even if the further remarks attributed to him that the first mortgage was to be called or foreclosed were stated to the assembled bidders, they do not warrant the relief requested. An unauthorized statement that does not deter bidders is not sufficient ground to set aside a sale. (Moller v. Watts, 56 App. Div. 562; Mullins v. Frans, 162 App. Div. 316.) Even when a statement by the Referee concerning the mortgage was unnecessarily general, the sale was not set aside. (Portnoy v. Hill, 10 Misc 2d 1004.) There was no misstatement as to the quantity of the estate to be sold or the extent of the liens or incumbrances upon the premises. Whether or not the first mortgagee had called the mortgage or determined to foreclose it, it was undoubtedly its right to do so at the time. The terms of sale indicated the first mortgage was in default and the natural consequence of that default was the possibility of foreclosure. The statements attributed to plaintiff’s attorney did no more than state the obvious, that the first mortgage was a matter to be reckoned with promptly upon purchase. This did not unduly favor the mortgagee or prejudice the other bidders. It certainly could not have come as a surprise. It is not to be expected that *32 sophisticated and experienced bidders (the affiants are a lawyer and a real estate man) would undertake to buy a Hilton Hotel without a modicum of prior investigation.
With respect to the claim that the sale price was inadequate, there is nothing before the court to establish that to be true and there is nothing to indicate that a higher price can be obtained upon resale. One of the affiants states that he would have bid more than the purchaser if the statement had not been made. That is merely a gratuitous suggestion. He has not made any concrete offer or made any showing that the premises are worth more than the bid. (Cf. Housman v. Wright, 50 App. Div. 606; State Realty & Mtge. Co. v. Villaume, 121 App. Div. 793.)
Absent any showing of fraud or misconduct, the sale will not be set aside for inadequacy unless the bid price shocks the conscience of the court. (State Realty & Mtge. Co. v. Villaume, supra; Housman v. Wright, supra; Moller v. Watts, 56 App. Div. 562, supra.) The price bid by plaintiff was more than the full amount of the second mortgage and the expenses of sale, a not uncommon bid at sales of this kind, and certainly not a bid which shocks the court.
The other objections raised by the defendants are without merit.
The motion is denied and the restraining order of this court dated February 2, 3 968 is vacated.