■ MORRIS HAMMERMAN, Plaintiff, v MARIANNA FERGUSON, Also Known as MARIAN A. FERGUSON, Respondent, et al., Defendants. FRIDAL ENTERPRISES, INCORPORATED, Intervenor Appellant.—In an action to foreclose a mortgage on real property, in which a judgment of foreclosure and sale was entered upon default, the intervenor defendant, Fridal Enterprises, Inc. (assignee of the purchaser at the foreclosure sale), appeals from an order of the Supreme Court, Kings County, dated July 23, 1975, which, upon a renewed motion of defendant Marianna Ferguson to vacate the judgment and set aside the sale, (1) denied the motion only to the extent of permitting the judgment to stand; (2) revoked the sale and set aside the deed given appellant, upon condition that said defendant pay appellant a certain sum of money; (3) provided that the judgment shall be deemed satisfied upon proof that said payment was made; and (4) ordered a new sale of the premises in the event that payment not be made. Order reversed, with $50 costs and disbursements to appellant against respondent, Marianna Ferguson, and motion denied in its entirety. On a prior appeal to this court from an order denying a previous motion by respondent to vacate the judgment and to set aside the sale, we affirmed without prejudice to a renewal on proper papers (Hammerman v Ferguson, 47 AD2d 718). On the instant renewed motion, respondent's papers are virtually the same. Previous thereto, two motions at Special Term to open her default were denied on the

grounds that no merit was shown, that no valid excuse for default was given, that no proposed answer was submitted and that her allegations were vague and conclusory. It is well-settled law in this State that mere inadequacy of price, without allegations of other mitigating circumstances, will not sustain a motion to set aside a foreclosure sale *(Woodhull v Osborne,* 2 Edw Ch 614; *American Ins. Co. v Oakley,* 9 Paige Ch 259; *Housman v Wright,* 50 App Div 606; *Moller v Watts,* 56 App Div 562). Furthermore, the law favors stability of titles acquired at foreclosure sales *(Matter of Superintendent of Banks of State of N Y [Binghamton Trust Co.]* 207 NY 11). Gross inadequacy of price, however, may be considered on a motion to set aside a foreclosure sale where it is indicative of fraud, collusion, mistake or surprise (see *Home Owner's Loan Corp. v Vangerow,* 277 App Div 774; *Alben Affiliates v Astoria Term.,* 34 Misc 2d 246). While there appears to be a wide disparity between the present value of the property and the bid price, the foreclosure sale was regular in all respects and the mortgagee and purchaser were total strangers. There is no evidence of any fraud or overreaching on the part of the purchaser. Respondent ignored all demands for payment, waited 12 weeks after the judgment before moving to open her default and has at all times been in possession of the subject premises. For about two years since the sale, she has been collecting rents and profits without making any attempt to pay the first mortgage or taxes, or to reimburse appellant, who has been making these payments. Finally, respondent has failed to demonstrate a meritorious defense. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.