■ MERCHANTS NATIONAL BANK AND TRUST COMPANY OF SYRACUSE, Respondent, v H. H. & F. E. BEAN, INC., Defendant, and TERRIE E. BEAN-MINERO, as Coexecutor of FRANKLIN E. BEAN, Deceased, Appellant.—Order unanimously reversed on the law with costs and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Plaintiff sued defendants, obtained a judgment against them, and subsequently enforced it by levying against a 30-acre residential parcel owned by the individual judgment debtor. Plaintiff's $1,000 bid was the high bid at the execution sale and it took title to the property by Sheriff's deed. Plaintiff filed a partial satisfaction-piece indicat-

ing that the judgment, which totaled $320,257 at the time of the Sheriff's sale, had been satisfied only to the extent of $950, the amount of the bid less a $50 Sheriff's fee. Plaintiff takes the position that its judgment is otherwise unsatisfied and that defendant is liable not only for almost the entire judgment, but for additional accrued interest on the unreduced judgment as well as for plaintiff's expenses of owning the property, including taxes, maintenance and utilities. Following the death of the individual judgment debtor, the coexecutor of his estate brought a motion pursuant to CPLR 5020 to compel plaintiff to file a satisfaction-piece or to grant equitable relief. The court denied the motion, holding that CPLR 5020 was not applicable but did not address the request for equitable relief.

The court should have granted equitable relief. "Where the judgment debtor can show not merely disparity in price, but in addition one of the categories integral to the invocation of equity, such as fraud, mistake or exploitive overreaching, a court of equity may grant relief (see *Fisher v Hersey,* 78 NY 387, *supra; Riggs v Pursell,* 66 NY 193, 198; *Housman v Wright,* 50 App Div 606; *Colonial Steel Corp. v Piquin, Inc.,* 74 Misc 2d 273)." *(Guardian Loan Co. v Early,* 47 NY2d 515, 521.)

Defendants have shown exploitive overreaching by plaintiff in acquiring property worth at least $300,000 while refusing to acknowledge satisfaction of its judgment for more than $950. We therefore remit the matter for the court to exercise its equitable powers and grant plaintiff appropriate relief. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—satisfaction of judgment.) Present—Dillon, P. J., Doerr, Denman, Balio and Lawton, JJ.