■ YELLOW CREEK HUNTING CLUB, INC., Respondent, v TODD SUPPLY, INC., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Duskas, J.), entered January 13, 1987 in St. Lawrence County, which, *inter alia,* determined that defendant's judgment against plaintiff's predecessor in interest was satisfied.

Ronald Hodgkiss owned 255 acres in St. Lawrence County. This property was subject to a judgment lien in favor of defendant. Plaintiff purchased 200 acres from Hodgkiss, taking them subject to defendant's lien. Seeking to satisfy its lien, defendant executed against Hodgkiss' 55 acres, which defendant bought at a Sheriff's sale for $100 subject to some $8,000 in mortgage debt, the judgment and back taxes. Believing that it had not been fully satisfied, defendant then attempted to execute against plaintiff's 200-acre parcel. By order to show cause, plaintiff sought to enjoin any execution against its 200 acres and to have defendant's judgment declared satisfied by reason of defendant's prior execution against Hodgkiss' 55 acres.

Supreme Court ordered a hearing to set the fair market value of the 55 acres so that it could determine whether the 55 acres satisfied defendant's judgment in full. After hearing evidence, Supreme Court set the value at $9,755 and concluded that plaintiff was entitled to a satisfaction of defendant's judgment against Hodgkiss because the $9,755 value more than compensated defendant for its judgment after giving defendant credit for the various encumbrances against the property. Defendant appeals.

Defendant claims that Supreme Court should not have considered the property's fair market value because there was no showing on the papers that the Sheriff's sale bid made by defendant, plus the debt due on the encumbrances, was disproportionate to the property's value. Even if there was no such showing, there seems to be a general policy in this State of protecting property owners by reducing a mortgage or mechanic's lien debt by the reasonable or fair market value of the property at the time of sale (see, Wandschneider v Bekeny, 75 Misc 2d 32, 37). Such principles would seem to apply to a judgment debt as well and CPLR 5240 seems designed to allow a court to grant such protection (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5240:2, at 453). This is not a case where a completed Sheriff's sale is to be set aside, which is not permissible under CPLR 5240 (Guardian Loan Co. v Early, 47 NY2d 515, 519-520). Under these circumstances, Supreme Court exercised its discretion appropriately.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.