■ In the Matter of Mercury Factoring, LLC, Appellant, v Partners Trust Bank, Respondent, and Lennon's Litho, Inc., Respondent. [904 NYS2d 851]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered October 9, 2009. The order,

insofar as appealed from, denied the motion of petitioner seeking, inter alia, the entry of a satisfaction of judgment pursuant to CPLR 5021.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the matter is remitted to Supreme Court, Herkimer County, for further proceedings in accordance with the following memorandum: Respondent Lennon's Litho, Inc. (Litho) obtained a judgment in the amount of $81,600 against petitioner, Mercury Factoring, LLC (Mercury), and filed an execution seeking to enforce that judgment against two parcels of real property owned by Mercury. Mercury established that the parcels had a fair market value in excess of $95,000, and Litho does not contest that valuation. A sheriff's sale was conducted, at which the sole bid of $10,000 was made by Robert J. Lennon, the owner of Litho, in his personal capacity. The premises were conveyed to Lennon for that amount and, after deduction of the Sheriff's poundage and fees and the addition of interest, the judgment was reduced to approximately $76,000. Litho thereafter began proceedings to execute upon equipment owned by Mercury, whereupon Mercury moved for an order seeking, inter alia, the entry of a satisfaction of the judgment pursuant to CPLR 5021. We agree with Mercury that Supreme Court erred in denying its motion.

" 'Where the judgment debtor can show not merely disparity in price, but in addition one of the categories integral to the invocation of equity, such as fraud, mistake or exploitive overreaching, a court of equity may grant relief' " (*Merchants Natl. Bank & Trust Co. of Syracuse v H. H. & F. E. Bean*, 142 AD2d 928, 929 [1988]; *see Yellow Cr. Hunting Club v Todd Supply*, 145 AD2d 679 [1988]). Here, it is undisputed that Mercury's property had a fair market value in excess of $95,000, but the judgment obtained by Litho has been reduced by no more than approximately $9,500, not taking into account the additional interest included in the judgment. Consequently, although the sheriff's sale was procedurally proper, we nevertheless conclude that in support of its motion Mercury has demonstrated exploitative overreaching sufficient to compel the conclusion that the judgment should be deemed satisfied (*see generally Federal Deposit Ins. Corp. v Forte*, 144 AD2d 627, 628 [1988]). We therefore reverse the order insofar as appealed from, grant the motion, and remit the matter to Supreme Court to grant Mercury the relief requested.

Contrary to the contention of Litho, the acquisition of the property by Lennon in his personal capacity does not require a

different result. "Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993] [internal quotation marks omitted]; *see Walkovszky v Carlton*, 18 NY2d 414, 417 [1966]). Mercury established in support of its motion that Litho ceased doing business at the time Mercury purchased the subject property from Litho prior to this litigation, before it was repurchased from Mercury by Lennon, and that Litho had ceased paying corporate taxes and had no assets other than the instant judgment. Furthermore, Mercury established that Lennon was the principal of Litho, and that any amounts collected on the judgment would inure to his sole benefit. Neither Lennon nor Litho submitted any evidence to contravene those facts established by Mercury in support of its motion. Inasmuch as the record establishes that Lennon received the full value of the judgment against Mercury by "exercis[ing] complete domination of the corporation with respect to the transaction in question and said domination was used to commit a . . . wrong against [Mercury,] resulting in [Mercury]'s injury" (*Austin Powder Co. v McCullough*, 216 AD2d 825, 826 [1995]; *see Morris*, 82 NY2d at 141), the court should have pierced the corporate veil and granted the relief requested by Mercury. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.