DADY v. O'ROURKE et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

CONTEMPT—DISOBEDIENCE OF ORDERS—FORMAL ENTRY.

　　　Where a stay of proceedings on defendant's motion is granted until the hearing and determination of the motion, plaintiff is not punishable for contempt in proceeding after denial of the motion, because he did not wait until a formal order on the decision had been actually entered.

Appeal from special term, Kings county.

Action by Michael J. Dady against John H. O'Rourke, impleaded with the Hamilton Trust Company. From an order denying a motion to punish plaintiff and the Hamilton Trust Company for contempt in disobeying a stay of proceedings, defendant O'Rourke appeals. Affirmed.

See 70 N. Y. Supp. 694; 72 N. Y. Supp. 827.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

L. Laflin Kellogg (Alfred C. Petté, on the brief), for appellant.
Charles W. Church, Jr., for respondent Michael J. Dady.
John C. McGuire, for respondent Hamilton Trust Co.

WILLARD BARTLETT, J. The stay of proceedings which the respondents are alleged to have violated was contained in an order, granted by Mr. Justice Maddox, requiring the plaintiff to show cause why all proceedings on his part and on the part of the Hamilton

Trust Company should not be stayed pending an appeal from an order of the appellate division affirming the judgment in this action. The stay was in these words:

"And until the hearing and determination of this motion let all proceedings on the part of the plaintiff and the defendant Hamilton Trust Company, except the entering of an order and judgment upon the decision of the appellate division, be stayed; sufficient cause having been shown."

The application for the stay of proceedings on appeal was argued before Mr. Justice Gaynor on June 7, 1901, and on the afternoon of that day the learned justice announced a decision denying the motion. No order, however, was entered upon that decision until 10 days later. Meantime the plaintiff, who, under the judgment, was entitled to receive 687 shares of stock of the Hygienic Ice Company from the Hamilton Trust Company, demanded said shares from the Hamilton Trust Company, on the 8th day of June, 1901, and his demand was complied with by the delivery of the stock.

It is, no doubt, generally true, as argued in behalf of the appellant, that, before a decision can take effect, a written order thereon must be signed and entered; but the cases to that effect cited on the argument of this appeal are not cases of contempt, nor, as it seems to me, do they furnish the rule which should be applied in such a proceeding as this. Here the stay, by its express terms, was to last only "until the hearing and determination" of the motion. The respondents proceeded on the assumption that the announcement by Mr. Justice Gaynor of his decision was a determination of the motion, in such a sense as to leave them at liberty to take any action which they might lawfully have taken before the stay of proceedings was granted; and I am not prepared to say, in the absence of any evidence indicating bad faith, that they should be held liable for contempt of court in so doing. If, after the argument of a motion to vacate a temporary injunction, the justice hearing the cause should announce from the bench a decision declaring the injunction vacated, a party, hearing the announcement, and proceeding on the faith of it to do some act which the temporary restraining order forbade, would hardly be deemed punishable for contempt because he had not waited until a formal order upon the decision had actually been written out and entered. Under the circumstances of this case, I think the motion to punish the respondents was properly denied.

Order affirmed, with $10 costs and disbursements. All concur.