In the Matter of the Application of the SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, Respondent, for Leave to Sell Real Property of THE BINGHAMTON TRUST COMPANY, in Liquidation,

HIRAM GOLDSMITH, Appellant.

Courts — judicial discretion — power of courts to set aside judicial sales — when order of Special Term revoking a previous order, approving and confirming a sale of premises under provisions of Banking Law, is erroneous.

1. Judicial discretion is a phrase of great latitude; but it never means the arbitrary will of the judge. It is a legal discretion to be exercised in discerning the course prescribed by law; when that is discerned it is the duty of the courts to follow it.

2. Although the Supreme Court has the general power to set aside judicial sales in its discretion, and this power may be exercised as well after confirmation as before, yet there must be a basis of fact or circumstance for its exercise. It is a legal discretion founded upon conditions which call for judicial action as distinguished from mere individual or personal view or desire.

3. The rule in such case is that, if the inadequacy of price is so gross as to shock the conscience, or if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness or has taken any undue advantage, or if the owner of the property, or party interested in it, has been for any other reason, misled or surprised, the sale will be regarded as fraudulent and void.

4. Upon the presentation of the petition herein setting forth the circumstances which rendered a sale necessary, the Supreme Court at Special Term duly made an order approving and confirming a sale of premises made under the provisions of the Banking Law (Cons. Laws, Ch. 2, § 19) upon the terms and conditions agreed upon between the superintendent of banks and the appellant. The proceedings were entirely regular, and no fact or circumstance material to the transaction or desirable for the information of the court had either been misrepresented or withheld. On the following day the court, of its own motion and without notice to appellant or presentation of other facts, made a second order purporting to modify its first order, by directing that the provisions authorizing a private sale should be revoked, and that another sale should be had at public

auction, at a price therein not less than that named which was in excess of that bid on the former sale. *Held*, that the court, under these circumstances, did not have the power to revoke its first order and make a new one.

*Matter of Superintendent of Banks*, 151 App. Div. 946, reversed.

(Argued November 19, 1912; decided December 17, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 5, 1912, affirming two orders of Special Term.

On April 9th, 1909, the state superintendent of banks took possession of the Binghamton Trust Company, which was then financially embarrassed. During the process of liquidation the superintendent, through his representatives, received from the appellant an offer to purchase at the price of $9,000 and certain taxes a parcel of real property located in Binghamton, known as the Standard Food Company property, which then belonged to the trust company. Under date of May 14th, 1912, the representatives of the superintendent wrote a letter to the appellant accepting the offer "subject to the approval of the Supreme Court," and on June 3rd the superintendent presented to the Supreme Court at Special Term a petition asking the court's approval. The petition was made upon notice to the trust company, and on the same day it was granted by an order, duly made and entered, authorizing and approving the sale in accordance with the offer and acceptance above referred to. On the next day, June 4th, 1912, the court, of its own motion and without notice to any one, modified its former order by revoking its provisions for a private sale and directing a sale at public auction at a price not less than $10,000. The recitals in the second order disclose that the only reason for the change is that the court had become satisfied that the property would bring a greater price if sold at a competitive sale.

The appellant thereafter moved at Special Term, before the same justice, to vacate the second order, and his

motion was denied. He thereupon appealed to the Appellate Division from the order of June 4th modifying the first order and also from the order denying his motion to vacate the order of June 4th. The Appellate Division affirmed both of these orders.

*Leon C. Rhodes* for appellant. The offer to purchase made by the appellant Goldsmith, and its acceptance by the superintendent of banks, when approved by the order of the court, formed a contract, vesting in the appellant rights of which he could not be deprived by the court in the absence of fraud, mistake or improper conduct. (*Gates* v. *Smith,* 4 Edw. Ch. 702; *Edwards* v. *F. L. Co.,* 21 Wend. 468; 26 Wend. 541; *Matter of City of Buffalo,* 78 N. Y. 362; *Draper* v. *Pratt,* 43 Misc. Rep. 406; *Weston* v. *C. Nat. Bank,* 88 App. Div. 330; *Matter of Automatic Chain Co.,* 64 Misc. Rep. 280; *Chester* v. *Car Mfg. Co.,* 183 N. Y. 425; *Heath* v. *N. Y. B. L. B. Co.,* 146 N. Y. 260.)

*John T. Buckley* for respondent. The appellant obtained no rights under the order of June 3, 1912. (*Harrigan* v. *Golden,* 41 App. Div. 423; *Cheney* v. *Woodruff,* 45 N. Y. 98; *Ainslie* v. *Hicks,* 13 App. Div. 388; 153 N. Y. 643; *Brown* v. *Frost,* 10 Paige, 247; *Astor* v. *Turner,* 11 Paige, 436; *Strong* v. *Dollner,* 2 Sandf. 444; *Clason* v. *Corley,* 5 Sandf. 447; *Mitchell* v. *Bartlett,* 52 Barb. 319.) The court had power to grant the order of June 4, 1912, revoking the order of June 3, 1912, and in the absence of abuse of discretion that order is not reviewable in this court. (*Hale* v. *Clauson,* 60 N. Y. 339; *Crane* v. *Stiger,* 58 N. Y. 625; *Weeks* v. *Weeks,* 106 N. Y. 626.)

WERNER, J. The petition of the state superintendent of banks to the Supreme Court, praying for approval of the contract of sale to the appellant of the premises in

question was made under the provisions of section 19 of the Banking Law (Consolidated Laws, ch. 2). That section invests the superintendent with power to take possession of a banking corporation under specified conditions, and it provides that, with the approval of the Supreme Court, he may sell and dispose of the real and personal property of a corporation so taken over upon such terms as the court may direct. Upon the presentation of the petition herein, setting forth the circumstances which rendered a sale necessary, the Supreme Court at Special Term duly made an order approving and confirming the sale upon the terms and conditions agreed upon between the superintendent of banks and the appellant, to wit, the payment by the appellant of the sum of $9,000 and certain taxes. The proceedings were entirely regular, and no fact or circumstance material to the transaction or desirable for the information of the court had either been misrepresented or withheld. On the following day the court, of its own motion, and without notice to the appellant, made a second order purporting to modify its first order, by directing that the provisions authorizing a private sale should be revoked, and that another sale should be had at public auction, at a price of not less than $10,000. The question is whether, in these circumstances, it was competent for the court to make this second order.

It is to be observed that while the second order is in form a modification of the first, it is in fact a revocation thereof. The record discloses that the second order is supported by no new facts, by no suggestion of imposition, fraud or undue advantage, and by nothing, in short, except the recital therein that the court had become satisfied that the property would bring a greater price than $9,000. We do not think that the court at Special Term had the power in these circumstances to revoke its first order and make a new one.

It is, of course, a well-settled rule that the Supreme

Court has the general power to set aside judicial sales, and it may be exercised as well after confirmation as before. (*Crane* v. *Stiger*, 58 N. Y. 625; *King* v. *Platt*, 37 id. 155.) Although this power is discretionary, yet there must be a basis of fact or circumstance for its exercise. "Judicial discretion is a phrase of great latitude; but it never means the arbitrary will of the judge. It is always 'a legal discretion to be exercised in discerning the course prescribed by law; when that is discerned it is the duty of the courts to follow it.'" (*Tripp* v. *Cook*, 26 Wend. 143, 152.) It is a legal discretion founded upon conditions which call for judicial action as distinguished from mere individual or personal view or desire. When it is claimed, that there has been fraud or undue advantage in a judicial sale, the court of first instance may be called upon to decide whether the circumstances are such as to require or justify the setting aside of the sale. Its decision in such a case is the exercise of a judicial discretion which is clearly within the power of the court (*Duncan* v. *Dodd*, 2 Paige, 99; *Gardiner* v. *Schermerhorn*, Clarke's Ch. 66; *Hale* v. *Clauson*, 60 N. Y. 339), and cannot be interfered with on appeal to this court. That is not the condition, however, in the proceeding now before us. Upon the application of the superintendent of banks the court at Special Term made an order authorizing and directing a sale to the appellant. This order was made upon a petition which clearly and correctly sets forth every fact bearing upon the situation. The court then made its order directing that the sale be made at the price of $9,000 and a certain installment of taxes for the year 1912. Under this order of confirmation the appellant became vested with an equitable title (*Gates* v. *Smith*, 4 Edwards' Ch. 732; *Stang* v. *Redden*, 28 Fed. Rep. 11), of which he should not be deprived unless it appears that the court in directing the sale was misled or deceived. We have only the recital in the order of June 4th that the court was then satisfied that the property would

bring a greater price if sold at auction. It is matter of common knowledge that property sold at a judicial sale usually goes for something less than it will bring in a subsequent bargain between individuals. That, indeed, is the thing which brings purchasers to such sales, and it has never been held a legal justification for setting them aside unless the price has been so inadequate as to raise a presumption of fraud. In the case of *Graffam* v. *Burgess* (117 U. S. 180, 192) the court said: "From the cases here cited we may draw the general conclusion that, if the inadequacy of price is so gross as to shock the conscience, or if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness, or has taken any undue advantage, or if the owner of the property, or party interested in it, has been for any other reason, misled or surprised, the sale will be regarded as fraudulent and void." This is the rule which has always been followed by our courts and those of other jurisdictions throughout the country. (*Tripp* v. *Cook, supra,* 152; *Gardiner* v. *Schermerhorn, supra; Porch* v. *Agnew Co.,* 66 N. J. Eq. 232; *Carson* v. *Ambrose,* 183 Pa. St. 98; *Sowle* v. *Champion,* 16 Ind. 165; *Quick* v. *Collins,* 197 Ill. 391; 29 Cyc. 39 and cases cited.)

The reason for it is quite apparent. If judicial sales can be set aside merely because some one is willing to bid more than is realized at a fair sale, there will be no stability of titles acquired at such sales. Such a rule would defeat its purpose by discouraging purchasers at judicial sales, for few men would care to take the risk of having their honest bargains set aside for no better reason than that some other man is ready the next day to make a higher bid. If that can be done once, why can it not be done a dozen times? And, if it can be done the day after a judicial sale, why can it not be done a year later? In the case at bar the court at Special Term was obviously doing what it regarded as best for the bank and its creditors; but we think that when the first order had been made under circumstances

which justified no further exercise of judicial discretion, its power in the premises had been spent.

The orders appealed from should be reversed and the original order of confirmation should be reinstated, with costs to the appellant in all courts.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Orders reversed, etc.