CLARK PAPER AND MANUFACTURING COMPANY, Respondent, v. EDWARD D. STENACHER, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ.

In the Matter of the Application of JAMES J. BARRETT, Appellant, for the Examination of Voting Machines and Absentee Ballots Pursuant to the Provisions of Section 333 of the Election Law. CHARLES G. HANNA and Others, Respondents. — Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ.

JESSIE O. GREENLUND, Respondent, v. LUCY VIOLA GREENLUND, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Davis, Sears, Crouch and Taylor, JJ.

OCEAN ACCIDENT AND GUARANTEE CORPORATION, Respondent, v. HOOKER ELECTROCHEMICAL COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Davis, Sears, Crouch and Taylor, JJ.

WILLIAM G. BISHOP, Respondent, v. CHARLOTTE M. McTIGUE, Respondent, and Others, Defendants. SAM DORAN, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that public policy and a proper respect for and confidence in judicial sales require that they should not be invalidated by the court upon motion unless cogent reasons exist therefor. Where a judicial sale has been fairly and legally conducted and the property has been purchased by a third party in good faith, the sale should not be set aside and a new sale ordered merely because the price at which the property was sold was inadequate, especially if the rights of infants or incompetents are not affected. (*Cortland Savings Bank* v. *Lighthall*, 53 Misc. Rep. 426; *Silver Creek Co-operative Savings & Loan Assn.* v. *Smith*, 91 id. 438; *Housman* v. *Wright*, 50 App. Div. 606.) In this case the difference between the amount at which the property was struck off and the amount which another party offered to bid on a resale is not so great as to indicate fraud or unfairness. Hubbs, P. J., Sears, Crouch and Taylor, JJ., concur; Davis, J., dissents and votes for affirmance on the ground that the court in which the foreclosure action was being prosecuted was clothed with authority to control the manner in which the sale was made and that it was within the discretion of such court to order a resale under the circumstances disclosed by the record, in the exercise of equitable principles, and such discretion should not be overruled here. (*Fisher* v. *Hersey*, 78 N. Y. 387.)

HENRY URBANIAK, an Infant, etc., Respondent, v. CITY OF BATAVIA, Appellant.— Judgment and order affirmed, with costs. Hubbs, P. J., Clark, Davis and Taylor, JJ., concur; Crouch, J., dissents and votes for reversal and granting a new trial, unless the plaintiff stipulates to reduce the verdict to the sum of $10,000.

ALICE F. TOWER-WAGGONER, as Administratrix, etc., of EDWIN MURRAY TOWER, Deceased, Appellant, v. THEODORE F. MORLEY, Respondent.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Davis, Crouch and Taylor, JJ.

MAUDE E. BROWN and Another, as Administrators, etc., of HATTIE O. BOND,