EMMA M. STOCK and Others, Appellants, *v.* WILLIAM DUNHAM MANN and Others, Defendants, Impleaded with MARY WESTFALL, Appellant.

NATHAN RICHMAN, Purchaser, Respondent.

Third Department, June 30, 1931.

*George H. Witbeck*, for the appellants.

*John J. McManus*, for the respondent.

PER CURIAM. Our attention has been called to what was said in *Croghan* v. *Livingston* (17 N. Y. 218, 223), which was reviewed and reiterated in *Rogers* v. *McLean* (34 N. Y. 536, 540), to the effect that an infant or non-resident incompetent not made a party at all might be brought in and the judgment allowed to stand as against her so that she could receive the benefits of a previous judicial sale in the partition action. Distinguishing between what was said and what was decided in those cases, we are led to conclude that they are distinguishable and not such authority as to justify a reversal of that part of the order appealed from as grants the release of the purchaser herein and vacates the sale. Our conclusion is that the order in that respect should be affirmed as matter of law on the authority of the opinion of the Court of Appeals herein (255 N. Y. 100) and that if any other view is to be expressed it should be by that court.

As to that part of the order appointing a referee to take proof and report with findings thereon in aid of the court, we think the appeal is from a merely discretionary order and is premature and that the appeal should be dismissed.

All concur.

Order, in so far as it grants application of Nathan Richman, purchaser, to be discharged from his purchase, affirmed, on the law, with ten dollars costs and disbursements. Appeal from the order, in so far as it appoints a referee to take proof and to report with findings thereon, dismissed.