In the Matter of the Petition of SAMUEL GREENWALD and PAUL GREENWALD, Respondents, for the Judicial Dissolution of UNITED KITCHEN EQUIPMENT Co., INC., a Corporation Organized and Existing under the Laws of the State of New York. LEWIS E. WOLFF and CELIA WOLFF, Appellants.— Proceeding for the dissolution of a corporation. Order dated September 22, 1936, granting motion to punish appellants for contempt of court and directing payment of a sum of money to the corporation reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied. The action of the Wolffs in withdrawing by check from the corporation account a sum of money on May 23, 1936, did not violate any provision of the order of February 26, 1936. Neither did it violate any provision of the order of this court of March 31, 1936, which adopted the provisions in the order of the Presiding Justice dated March 11, 1936. The March 11, 1936, order was only operative until the hearing and determination of the motion for a stay, and the order entered upon the decision of this court of March 20, 1936, adopting the March 11, 1936, order's provision, was only operative pending the hearing and determination of the appeal. The appeal was determined on May 1, 1936 [*ante*, p. 590]; therefore, the stays and injunctive provisions fell as of that date, although the order of this court based on the May 1, 1936, determination was not entered until a later date. Hence the acts of the Wolffs on May 23, 1936, were not violative of any operative provisions in outstanding orders as of that date, by reason of the effect of the determination on May 1, 1936. Appeal from order dated July 1, 1936, referring certain issues to an official referee for hearing and report dismissed as not appealable. (*Stock* v. *Mann*, 233 App. Div. 18.) Appeal from order dated September 21, 1936, dismissed as academic in view of the decision with respect to the order dated September 22, 1936. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

In the Matter of Acquiring Title to Public Park, Bounded by Kissena Boulevard, the Creedmoor Branch of the Long Island Railroad, Fresh Meadow Road and North Hempstead Turnpike, and the Opening and Extending of Kissena Boulevard, Parsons Boulevard, 164th Street, Fresh Meadow Road and North Hempstead Turnpike. FLUSHING NATIONAL BANK IN NEW YORK, Appellant; CITY OF NEW YORK, ROCKLYN REALTY CORPORATION, EDWARD W. MURPHY, THEODORE P. LAWLOR, Respondents.— Order, as resettled, denying an application to vacate an assessment and to direct the comptroller of the city of New York to pay an award arising out of a condemnation proceeding and further directing the comptroller to set off such award against an assessment levied upon remaining property, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Adel and Taylor, JJ., concur; Young, J., dissents upon the ground that no assessment was made in the tentative or final decree. Four years later the final decree was amended without notice. This, I think, was void.