■ SALVO REALTY CORP., as Assignee of ROOSVELT SAVINGS BANK OF THE CITY OF NEW YORK, Respondent, v. MELVIN ROSENKRANTZ, Appellant, et al., Defendants.— In an action to foreclose a real estate mortgage, defendant fee owner appeals, as limited by his brief, from portions of two orders of the Supreme Court, Nassau County, dated respectively November 26, 1969 and

February 6, 1970, as follows: from so much of the first order as granted a motion by plaintiff Salvo Realty Corp. for a writ of assistance and denied said defendant's cross motion to vacate the sale of the mortgaged premises; and from so much of the second order as, upon the granting of said defendant's motion to renew his cross motion, adhered to the original decision. Appeal from order dated November 26, 1969 dismissed. That order was superseded by the order which granted renewal of appellant's cross motion. Order dated February 6, 1970 reversed insofar as appealed from, plaintiff's motion denied and appellant's cross motion to vacate the sale granted. Appellant is granted $10 costs and disbursements, to cover the appeals from both orders. Concededly, following the default judgment of foreclosure and sale, the mortgaged property was duly advertised four times, as provided by applicable statute (Real Property Actions and Proceedings Law, § 231, subd. 2), for sale thereof to be held on June 30, 1969. Before that date, defendant owner secured an order to show cause staying the sale "pending a hearing and determination" of a motion by him to open his default. On August 22, 1969, at the conclusion of a hearing, the court announced that the owner's motion was denied and the stay vacated. Thereafter, a notice was advertised once, on August 28, 1969, that the sale would be held on September 2, 1969. On the latter date the sale was held and that same day an order was signed pursuant to the court's aforesaid denial of the owner's motion to open his default, and the order was entered the next day. The stay " pending a hearing and determination " of the owner's motion to open his default fell upon the announcement by the court of its decision (*Matter of Greenwald* [*United Kitchen Equip. Co.*], 248 App. Div. 904; *Dady* v. *O'Rourke*, 71 App. Div. 557; *Parmenter* v. *Roth*, 9 Abb. Prac. [N. S.] 385; *Fullerton* v. *Gaylord*, 7 Robt. 551; *Dominick* v. *Dominick*, 26 Misc 2d 344), whereupon plaintiff became free to conduct the sale. However, in doing so upon a single advertisement plaintiff failed to comply with the mandate of the statute above cited. In order to effect a valid sale, the notice must conform to the statutory requirements, *inter alia*, with respect to the number of times it is to be advertised. (*Welhaven* v. *Kohn*, 257 App. Div. 744, affd. 282 N. Y. 705; 3 Rasch, Real Property Law and Practice, § 2482.) Plaintiff's reliance on subdivision 3 of section 231 of the statute is misplaced. By its terms, it is applicable " If the officer appointed to make such sale does not appear at the time and place where such sale has been advertised to take place ". That was not the cause of the postponement at bar. It is further provided that such postponement shall not exceed four weeks. In this case the sale was held approximately nine weeks after the date originally set. The further provision therein that the notice for the postponed date shall be published once is of no help to plaintiff, in the light of the foregoing related provisions. " To get the sense of a statute one must read the whole of it (*People* v. *Ryan*, 274 N. Y. 149; *People* v. *Dethloff*, 283 N. Y. 309) " (*People* v. *Martell*, 16 N. Y. 2d. 245, 247; and see *People ex rel. Miller* v. *Martin*, 1 N Y 2d 406, 410). Christ, P. J., Rabin, Munder, Latham and Kleinfeld, JJ., concur.