Leon D„ Lazeb, J.
On this motion for an order setting aside a mortgage foreclosure sale and vacating the judgment on which it was based, the defendant mortgagors espouse two theories. . In the first they assert that the foreclosure sale was initiated and completed after only one adjournment thus violating an agreement to postpone the sale in order to give them an opportunity to complete a refinancing plan. They claim to have obtained a mortgage commitment subject to certain required rehabilitation work and that the plaintiff had consented to give them time to accomplish the necessary repairs. Defendants’ attorney affirms that he had arranged for an assignment of the mortgage to a third party in order to provide his clients with more time to resolve their problems. The proposed assignee corroborates the request for postponement of the sale but states that he ultimately agreed to the postponed date because the defendants failed to do the work.
The knockdown price at the sale was $15,990, a sum more than adequate to cover the $11,239.90 due on the mortgage. Defendants allege the value of their property to be $27,000, their mortgage commitment to be $19,150 and conclude that the sale price is grossly inadequate. They argue that price inadequacy in conjunction with plaintiff’s conduct relative to postponement of the sale is sufficient reason for a vacatur.
Inadequacy of price alone is not sufficient reason for vacating a foreclosure sale (Bishop v. McTigue, 210 App. Div. 826) unless it is so inadequate as to shock the conscience of the court (Matter of Superintendent of Banks, 207 N. Y. 11) and raise the inference of unfairness or fraud or unless there are circumstances of mistake or surprise (Wesson v. Chapman, 76 Hun 592; Wright v. Caprarella, 205 App. Div. 559). It is common knowledge that property sold at a judicial sale usually goes for something less than it will bring in a subsequent bargain between individuals (Matter of Superintendent of Banks, supra) and while a bid of $24,000 for property valued at $350,000 to $400,000 shocks the conscience (Alben Affiliates v. Astoria Term., 34 Misc 2d 246), a bid of 50% of value as determined by an offer to rebid is not so inadequate as to mándate a resale particularly in light of the fact that the expenses and delay resulting from resale would diminish the amount realized (Wesson v. Chapman, supra; see, also, State Realty & Mtge. Co. v. Villaume, 121 App. Div. 793; Portnoy v. Hill, 10 Misc 2d 1004).
Defendants have offered no evidence of fraud or unfairness. Foreclosure was not commenced until six months after defend *32 ants’ default and even then plaintiff agreed to a three-week adjournment of the sale. It was held only after it was obvious that defendants’ conduct was dilatory. The knockdown price was 59% of market value. It was sufficient to satisfy the judgment and expenses of sale, a not uncommon bid and not one which shocks the court (Monthar, Inc. v. Haralambides, 56 Misc 2d 29). Defendants’ first theory of vacatur thus falls.
Defendants’ second contention is that the sale should be set aside because notice of the adjourned date was.published only once.
Paragraph (á) of subdivision 2 of section 231 of the Beal Property Actions and Proceedings Law mandates publication of a notice of sale once a week for four weeks preceding the original date fixed for a foreclosure sale. Except for postponements caused by the nonappearance of the officer conducting the sale (Beal Property Actions and Proceedings Law, § 231, subd. 3), the statute contains no special provision for publication of notice of an adjourned date. Subdivision 3 of section 231 of the Beal Property Actions and Proceedings Law provides that where the conducting officer fails to appear a .sale may be adjourned for not more than four weeks and notice of1 the adjourned date shall be published at least three days prior to the sale in the newspaper of original notice. Although plaintiff published such a notice, the defendants urge that since the adjournment was not occasioned by the failure of the referee to appear the full four weeks of notice were required.
The purpose of publication is to give notice to all who may become bidders to the end that fair value may be realized (City of Albany v. Goodman, 203 App. Div. 530). When the reason for publication is to give notice, there would seem to be n.o rational basis for distinguishing between causes for adjournment. To limit application of the single publication provision of subdivision 3 to .an absent-referee situation is to treat mortgagors unequally. Where a sale is adjourned by agreement, for example, the mortgagor would have the benefit of four publications of the adjourned date, while the mortgagor in the absent-referee case would be relegated to a single publication in a four-week period.. A statute may not be construed to create an absurd result and one the Legislature could not have intended (Flynn v. Prudential Ins. Co. of Amer., 207 N. Y. 315). A construction is favored which makes a statute operate equally on all classes of persons and avoids unjust discrimination (Matter of Meyer, 209 N. Y. 386). *33 Therefore, construction of this statute should not transform the legislative intent to facilitate .shorter adjournments into an invidious discrimination between mortgagors. While it is a rational conclusion that the legislative classification between adjournments of lesser and greater than four weeks’ duration is based upon the likelihood that the memories of prospective bidders will dim with time, a further classification of required advertising predicated on the causes of short adjournments can find no justification. In 1965, on recommendation of the Law Revision Commission, the Legislature amended subdivision 3 of section 231 of the Real Property Actions and Proceedings Law (L. 1965, ch. 541) in order to eliminate whatever uncertainty existed concerning the requirement for a single publication under the subdivision (see N. Y. Legis. Doc., 1965, No. 65 [K]). Since whatever is necessarily implied in a statute is as much a part of it as if written (People v. Meakim, 133 N. Y. 214) section 231 of the Real Property Actions and Proceedings Law must be read to mean that a single published advertisement in the same newspaper is adequate where an adjournment of a sale for any cause is for a period of four weeks or less but that a longer postponement invokes the four-publication requirement of an original sale date. The court thus concludes that plaintiff’s single publication of the adjourned date satisfies statutory requirements.
Defendants’ reliance on Salvo Realty Corp. v. Rosenkrantz (34 A D 2d 1021) is misplaced. In Salvo the period between the originally advertised date of sale and the postponed date was nine weeks and the adjournment was occasioned by a court ordered stay of seven weeks’ duration. In the instant case the period between the two dates of sale was only three weeks and the adjournment was the result of an agreement between the parties. The holding in Salvo should be limited to the facts of the case.
The motion is denied.