■ GUARDIAN FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v HORSE-HAWK HOLDING CORP., Appellant, et al., Defendants.—In an action to foreclose a mortgage on certain real property, defendant Horse-Hawk Holding Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated May 7, 1979, as, upon deeming its motion to be in the nature of one for leave to reargue a prior motion to set aside the foreclosure sale and granting reargument thereof, adhered to its original determination denying appellant's motion to set aside the sale. Order affirmed insofar as appealed from, with $50 costs and disbursements. Appellant raises two points on this appeal. First, the claim is made that notices of the dates of sale and adjourned sale were improperly published, in that the newspaper they were published in did not have a large enough circulation (approximately 4,000 issues) and in that notice of the adjourned sale was only published one time. Section 231 (subd 2, par [a]) of the Real Property Actions and Proceedings Law only requires that notice of the time and place of sale be published "in a newspaper published in the county in which the property is located". No requirement as to size or circulation of the newspaper is stated, and therefore we hold that publication in this case was sufficient since the newspaper was in fact published in the county where the property is located. As to the requirement providing for the number of times a notice of adjourned sale must be published, we note that subdivision 3 of section 231 pertains to the situation where the officer appointed to make the sale does not appear at the time and place of sale. This subdivision states that in such case, and where the adjournment does not exceed four weeks, the publication of only one notice of adjourned sale will suffice. Appellant urges the court to rule in accord with the decision in *Salvo Realty Corp. v Rosenkrantz* (34 AD2d 1021), where the sale was adjourned for reasons other than the referee's failure to appear and where the adjournment was for a period of nine weeks. The court there held that the case did not fall under the subdivision exception, and that four successive publications would be required. The case at bar is distinguishable from *Salvo,* since in the instant case we are dealing with an adjournment of less than four weeks. Subsequent to the *Salvo* decision, it was held that in any case where an adjourned sale is set to occur within four weeks of the original date of sale, one publication of notice according to the provisions of section 231 of the Real Property Actions and Proceedings Law will suffice *(Southold Sav. Bank v Gilligan,* 76 Misc 2d 30). We so hold today, recogniz-

ing that "further classification of required advertising predicated on the causes of short adjournments can find no justification" (see *Southold Sav. Bank v Gilligan, supra,* p 33). Thus the single publication of the postponed date in this case was sufficient. We note that the appellant caused the adjournment of the original date of sale by obtaining a temporary court stay, subsequently vacated. Appellant's second point is based on the alleged insufficiency of the purchase price paid by the respondent at the foreclosure sale. The property in this case apparently was worth approximately $600,-000 (as established by a subsequent sale by the respondent to third parties). Respondent bid and paid only $1,000 to acquire the property. At first blush, such a price might well shock the conscience of the court and require that the sale be set aside. However, it is appropriate to take into account the extent of indebtedness due the respondent by appellant at the time of sale. In this case that indebtedness was approximately $585,000. When viewed in this light, it is clear that the true difference, if any, in purchase price was only $14,000—certainly not sufficient to require a setting aside of the sale. Moreover, it must be recognized that at this time the rights of third parties —the purchasers from the respondent—are involved, and it is well settled that those rights must not be dealt with lightly. As the Court of Appeals recently stated: "To permit these sales to be set aside merely because a beneficial price has not been obtained * * * would discourage participation by third parties at judicial sales, for the title acquired at the sale would never be free from the spectre of judicial invalidation." *(Guardian Loan Co. v Early,* 47 NY2d 515, 520.) Accordingly, we affirm the denial by Special Term of appellant's motion to set aside the sale. Mollen, P. J., Hopkins, O'Connor and Margett, JJ., concur.