OPINION OF THE COURT
Vincent R. Balletta, J.
This is a mortgage foreclosure action commenced by the plaintiff, as mortgagee, against the mortgagor, Foreal Homes, Inc., and certain other lienors. During the pendency of the action, the defendant-intervenor, Weinprop, Inc., was added as a party to the action. The defendantintervenor is the contract vendee of the parcel being foreclosed and pursuant to a judgment of this court in a separate action, the defendant-intervenor was granted specific performance requiring the conveyance of the property in question. This judgment was affirmed on appeal. A resettled judgment of foreclosure and sale in this action was signed by Justice McGinity on September 18, 1981. The resettled judgment directed the property in question to be sold at public auction by Thomas J. Ford, Esq., as referee. The defendant-intervenor has appealed from said decision, and in November, 1981 the plaintiff served and *501 published the notice of sale, fixing the date and time of said sale as November 30, 1981 at 10:00 a.m. Thereafter, by order to show cause dated November 17, 1981, the defendant-intervenor brought on a motion in the Appellate Division, Second Department, for an order staying the foreclosure sale until the determination of the defendantintervenor’s appeal. The order to show cause contained a temporary restraining order which stated that: “pending the hearing and determination of this motion plaintiff and its attorneys and the referee appointed for foreclosure sale, be and they hereby are stayed from proceeding with the foreclosure sale noticed for November 30, 1981”.
On November 30,1981 at 10:00 a.m., the referee and the plaintiff’s attorney, among others, appeared at the place scheduled for the sale. At approximately 9:30 a.m., the plaintiff’s attorney had called the Appellate Division and was advised that “no decision had come down to the Clerk’s office as yet”. He was told that he might call again later in the day. Neither the defendant-intervenor nor its attorney appeared for the sale. The defendant-intervenor, through his attorney, had likewise made inquiry of the Appellate Division oil November 30, 1981, just before the sale was scheduled and ascertained that the stay was still in effect. At the appointed time for the sale, the referee announced that the sale was adjourned until 4:00 p.m. that afternoon, even though it was not known if a decision would be forthcoming during the day. It thereafter appears that some time after 3:30 p.m., the parties were advised by the Clerk of the Appellate Division that the plaintiff’s motion had been denied and the stay stricken. There is no indication as to the exact time when the stay was stricken, but we do know that when the plaintiff’s attorney checked with the Appellate Division at 9:30 a.m., a decision had not as yet been rendered and that the information came into the possession of the plaintiff’s attorney some time after 3:30 p.m.
The sale in fact did not take place at 4:00 p.m. but at approximately 4:45 p.m. At 4:00 p.m. or shortly thereafter, the defendant-intervenor’s attorneys were notified by telephone that the sale would be adjourned until 4:45 p.m.
*502 Neither the defendant-intervenor nor its attorneys appeared at the sale and the said parcel was sold to the attorney for Foreal Homes as agent for Michael J. Forte, who, the court notes, is a principal shareholder of Foreal Homes, Inc.
The defendant-intervenor now brings on this motion to vacate the sale, alleging that the sale did not comply with RPAPL 231, which states in pertinent part:
“1. A sale of real property made in pursuance of a judgment affecting the title to, or the possession, enjoyment or use of, real property, shall be at public auction to the highest bidder.
“2. (a) Notice of such sale shall be given by the officer making it by publishing a notice of the time and place of the sale, containing a description of the property to be sold, once in each week for four successive weeks preceding the original date fixed for the sale in a newspaper published in the county in which the property is located *** once in each week for four successive weeks preceding the original date fixed for the sale ***
“6. At any time within one year after the sale, but not thereafter, the court, upon such terms as may be just, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect.”
The defendant-intervenor takes the position that since the stay was in effect as of the time of the sale, the referee had no authority to proceed and that he had no authority to adjourn the sale. He takes the further position that even if he did have the authority to adjourn the sale, there was a lack of sufficient notice pursuant to RPAPL 231.
The plaintiff opposes the instant motion, alleging that there has been sufficient compliance with RPAPL 231. The plaintiff takes the position that notice of the original time of the sale was duly served on the defendant-intervenor and published as required by the statute. The plaintiff points out that the sale took place on the day noticed for the sale and argues that the six-hour adjournment is de minimus and that no prejudice against the defendantintervenor could be shown.
*503 The plaintiff relies upon Stearns v Welsh (50 How Prac 186, affd 7 Hun 67) and Peck v New Jersey & N. Y. Ry. Co. (22 Hun 129, app dsmd 85 NY 246). In Stearns, on the appointed date for a foreclosure sale, the defendant appeared and served the referee with an order to show cause which contained a temporary restraining order staying the sale. The referee adjourned the sale twice, and after the stay was vacated, sold the property. The defendant moved to set aside the sale and the court denied the motion, holding that there was sufficient compliance with the statute and the order of the court.
The plaintiff in the instant action alleges that Weinprop, Inc., is similarly situated to the defendant in Stearns (supra) and that the adjournment in the instant action was proper, just as in Stearns. The plaintiff omits to note, however, that in Stearns, after each adjournment, the notice of the adjourned date had been published in the proper newspaper. The second adjournment was published twice. Notice of the first adjournment was only published once. The court found, however, that publishing once after the first adjournment was substantial compliance with the statute, and further, that the defendant could show no prejudice. In the instant action, as opposed to Stearns, there was no publication as required by RPAPL 231. In Stearns, there was partial compliance with the statute, and in this case there was a total failure of compliance with the statute.
In Peck (supra) the defendant had obtained an order to show cause which contained a stay of the foreclosure sale, which it appears was vacated by the court prior to the appointed time for the sale. The defendant thereafter made a motion to set the sale aside, alleging that he had made no preparations to attend the sale and that upon learning too late that the stay had been vacated, he was not present. The plaintiff alleges that the facts contained in Peck “are most analogous to those facing the court”. Despite the plaintiff’s contentions, however, such is not the case. In Peck, the stay was vacated before the appointed time for the sale and the sale proceeded. Here, the appointed time came and passed before the stay was vacated.
*504 Except where there is an adjournment of a sale due to the failure of a referee to appear, RPAPL 231 is silent as to whether four successive weeks of publication would be necessary where there has been an adjournment of the original sale date. With respect to an adjournment due to the failure of a referee to appear, RPAPL 231 (subd 3) states: “If the officer appointed to make such sale does not appear at the time and place where such sale has been advertised to take place, the attorney for the plaintiff may postpone or adjourn such sale not to exceed four weeks, during which time such attorney may make application to the court to have another person appointed to make such sale. Notice of postponement of the sale shall be posted at least three days prior to the postponed date in the same places as the original notice of sale when posting of the notice of sale is required, and shall be published once at least three days prior to the postponed date in the newspaper in which the notice of sale was originally published.” (Emphasis supplied.)
The question of what the statute requires where there has been an adjournment for a reason other than the referee’s failure to appear has been left to the courts for interpretation.
In Salvo Realty Corp. v Rosenkrantz (34 AD2d 1021), prior to a foreclosure sale, the defendant obtained an order to show cause which stayed the sale. After the noticed time for sale, the court denied the defendant’s motion and vacated the stay. The sale was then adjourned for nine weeks, readvertised once, and conducted on the advertised date. The court held (p 1022): “The stay ‘pending a hearing and determination’ of the owner’s motion to open his default fell upon the announcement by the court óf its decision * * * whereupon plaintiff became free to conduct the sale. However, in doing so upon a single advertisement plaintiff failed to comply with the mandate of the statute above cited. In order to effect a valid sale, the notice must conform to the statutory requirements, inter alia, with respect to the number of times it is to be advertised.”
Subsequent to Salvo (supra), in Southold Sav. Bank v Gilligan (76 Misc 2d 30) Justice Lazer held that where an adjournment was had, as in the instant case, for reasons *505 other than the failure of the referee to appear (RPAPL 231, subd 3) one publication would be sufficient where the adjournment was less than four weeks. Justice Lazer held (p 33):. “Since whatever is necessarily implied in a statute is as much a part of it as if written * * * section 231 of the Real Property Actions and Proceedings Law must be read to mean that a single published advertisement in the same newspaper is adequate where an adjournment of a sale for any cause is for a period of four weeks or less”. (Emphasis supplied.) The proposition originally set forth in Southold (supra), that only one publication would be necessary, regardless of the reason for the adjournment, where the adjournment was less than four weeks, has now been adopted by the Appellate Division, Second Department, in Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp. (72 AD2d 737).
In the instant action, the time for the sale came and went, and although the referee could properly have adjourned the sale and advertised once, no notice was given, as required by both Southold (supra) and Guardian Fed. (supra). Furthermore, despite the protestations of the plaintiff, it is clear that the failure to give proper notice prejudiced Weinprop. Indeed, had such notice been given, Weinprop could have tendered the full amount due and stopped the sale. Additionally, the plaintiff suggests that the prejudice, if any was self-created by Weinprop by “its own failure to cover the scheduled foreclosure sale and to verify that appropriate funds would be on hand in case the sale were to be held as scheduled”. The suggestion that the prejudice was created by Weinprop itself cannot stand. It would be perfectly reasonable for the defendant-intervenor to assume that once the time had come and gone for the sale with the stay still in effect, no further sale would occur without complying with RPAPL 231. Had the stay been vacated prior to the appointed time for the sale, as occurred in Peck (22 Hun 129, app dsmd 8.5 NY 246, supra) then certainly the defendant-intervenor could not be heard to complain that it did not have time to attend the sale, a point which is conceded by Weinprop. Such, however, did not occur in the instant action, and the defendant-intervenor was given a mere 45 minutes’ notice at best of the time *506 and place of sale. The totality of the insufficient notice and failure to comply with the statute constitutes prejudice within the purview of RPAPL 231 and CPLR 2001.
Accordingly, it is the decision of the court that the sale of the property on November 30,1981 is hereby vacated in its entirety, and the plaintiff is directed to proceed to sell the property in accordance with RPAPL 231.