■ FRANK BUTTERMARK PLUMBING AND HEATING CORP., Respondent, v FRANK SAGARESE, SR., et al., Appellants.—In an action to foreclose a mechanic's lien on certain real property, the defendants appeal from an order of the Supreme Court, Richmond County (Felig, J.), dated June 24, 1985, which, *inter alia,* denied their motion to set aside a foreclosure sale.

Order affirmed, without costs or disbursements.

The defendants contend that the foreclosure sale should have been set aside on the grounds of improper notice and inadequacy of the sale price. Both contentions are without merit.

Since the adjournment of the foreclosure sale was for a period not exceeding four weeks, a single publication of the postponed date sufficed as adequate notice of the foreclosure sale, regardless of the fact the sale was adjourned for a reason other than the failure of the Referee appointed to conduct the sale to appear *(see, Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp.,* 72 AD2d 737; *Southold Sav. Bank v Gilligan,* 76 Misc 2d 30). Furthermore, mere inadequacy of price is insufficient reason to vacate a sale, unless there are additional circumstances that warrant invocation of equity powers *(Guardian Loan Co. v Early,* 47 NY2d 515, 521) or unless the price is so inadequate as to shock the court's conscience *(Matter of Superintendent of Banks of State of N.Y. [Goldsmith],* 207 NY 11; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). The sale of these premises at 30% of the defendants' uncorroborated opinion as to their fair market value is not so unconscionably low as to warrant vacatur of the sale *(see, Polish Natl. Alliance v White Eagle Hall Co., supra* [37%]; *Weir v United States,* 339 F2d 82 [30%]; *Magnolia Springs Apts. v United States,* 323 F2d 726 [34%]). The sale was duly advertised and there is no evidence of any irregular-

ity that would have inhibited the attendance of other prospective bidders. Accordingly, we find no abuse of discretion in Special Term's refusal to vacate the sale. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.