OPINION OF THE COURT
Alfred J. Weiner, J.
Plaintiff is the holder of a note secured by a second mortgage on the Bojarskis’ real property located at 9 Hillview Avenue in Port Washington, New York (hereinafter the premises).
Defendant commenced a foreclosure action, bearing Nassau County index No. 180229/06, against David Bojarski, Mary Bojarski, and plaintiff, culminating in a judgment of foreclosure and sale regarding the premises.[1] In this judgment, Honorable Edward G. McCabe ordered that the premises be sold by and under the direction of Mindy Roman, Esq. and appointed her Referee for that purpose. Justice McCabe further ordered that the Referee give public notice of such sale “in a publication which complies with the statutory requirements set forth in Real Property Actions and Proceedings Law Section 231” and identified the Port Washington News as a suitable publication for such compliance.[2]
The Referee conducted a foreclosure sale of the premises on May 1, 2007. At this sale, the Referee sold the premises for *613 $450,000, an amount sufficient to satisfy the first and second mortgages on the premises. However, this sale was not effectuated, giving rise to a second foreclosure sale on May 15, 2007 and a selling price of $380,000. The second selling price was less than the amount of the first mortgage on the premises, therefore barring plaintiff, as the second mortgagee, from receiving any portion of the sales proceeds.
Plaintiff commenced the instant action by summons and complaint filed September 9, 2007 and seeks to recover money damages arising from the Referee’s sale of the premises. Plaintiff seeks $45,000, the face value of the promissory note secured by a second mortgage on the premises. Plaintiffs complaint contains two causes of action against defendant: (1) that defendant failed to give the requisite notice of a second auction under the Real Property Actions and Proceedings Law; and (2) that defendant was negligent in its sale of the premises. Defendant now moves for summary judgment and dismissal of these two causes of action asserted against it.
Real Property Actions and Proceedings Law § 231 Claim
The second cause of action listed in plaintiffs complaint charges defendant with failure to comply with applicable provisions of the Real Property Actions and Proceedings Law “in that they [defendant] failed to give adequate notice of the second auction, hold [sic] it in a too short period of time some 14 days after the first auction.”[3]
In support of its motion for summary judgment, defendant contends that the Referee gave adequate notice of the auctions and therefore complied with RPAPL 231. In support of this assertion, defendant produced evidence demonstrating that notice of the first auction was given in the Port Washington News for four successive weeks, beginning on March 29, 2007. Defendant states that a second foreclosure sale was needed because the successful bidder at the first foreclosure sale refused to sign the memorandum of sale and decided not to buy the property, thereby necessitating a second auction date. In furtherance of this adjourned date, defendant published a “legal notice of postponement of sale” on May 10, 2007 in the Port Washington News, which defendant contends provided sufficient notice of the May 15, 2007 postponed auction date.
The proponent of a summary judgment motion bears the burden of proving prima facie entitlement to judgment in its *614 favor as a matter of law and without the need for a trial. (CPLR 3212; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) Once this burden is met, the party opposing summary judgment must establish, through admissible evidence, the existence of material issues of fact to preclude summary judgment. (Zuckerman v City of New York, 49 NY2d 557 [1980].) “To defeat summary judgment the opponent must present evidentiary facts sufficient to raise a triable issue of fact, and averments merely stating conclusions, of fact or of law, are insufficient.” (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290 [1973].) Additionally, the papers on the motion should be scrutinized carefully in a light most favorable to the party opposing relief. (Judice v DeAngelo, 272 AD2d 583 [2d Dept 2000].)
Real Property Actions and Proceedings Law § 231 (2) , (a) governs when and how a sale of real property made in pursuance of a judgment is conducted and provides, in pertinent part, that
“publication may be either once in each week for four successive weeks . . . preceding the original date fixed for the sale . . . and if the publication is for four weeks such sale shall take place on any day on or after the twenty-eighth day and on or before the thirty-fifth day after the day of the first publication.”
In applying the RPAPL 231 notice requirement to an adjourned sale date, the Appellate Division, Second Department, held that when
“the adjournment of the foreclosure sale was for a period not exceeding four weeks, a single publication of the postponed date sufficed as adequate notice of the foreclosure sale, regardless of the fact the sale was adjourned for a reason other than the failure of the Referee appointed to conduct the sale to appear.” (Frank Buttermark Plumbing & Heating Corp. v Sagarese, 119 AD2d 540, 540 [2d Dept 1986]; see also Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp., 72 AD2d 737 [2d Dept 1979].)
Defendant produced evidence that the Referee provided sufficient notice of both the original and adjourned sale dates to satisfy RPAPL 231. Defendant produced proof that notice of the May 1, 2007 foreclosure sale was given on March 29, 2007 and for three subsequent weeks. Defendant also submitted proof of a May 10, 2007 notice regarding the postponed sale date of May 15, 2007. Based upon this unrefuted proof of publication, *615 plaintiffs second cause of action premised upon the failure to give adequate notice of the second foreclosure sale is without merit and is hereby dismissed.
Plaintiffs Negligence Claim
Plaintiffs third cause of action charges defendant with negligence in its sale of the premises. According to plaintiff, defendant breached its duty to provide adequate notice of the foreclosure sale so that the maximum number of bidders could be obtained to cover all claims due on the premises. In addition, plaintiff posits that defendant was negligent in failing to take down the names of the other bidders at the May 1, 2007 auction so that they might purchase the premises in the event the winning bidder was unable to do so. Defendant seeks to dismiss this cause of action, contending that defendant does not owe plaintiff any duty besides the general publication requirements contained in RPAPL 231.
In support of its motion for summary judgment, defendant states that plaintiff was a named party in the prior foreclosure action, received notice of both foreclosure sales, and appeared at both foreclosure sales.[4] Moreover, defendant states that plaintiff has not provided any authority for imposing an affirmative duty upon defendant to ensure that the maximum number of bidders attend either of the auctions or to record the names and other identifying information from all bidders in attendance.
“To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries. Absent a duty of care, there is no breach and no liability” (Engelhart v County of Orange, 16 AD3d 369, 371 [2d Dept 2005] [citation omitted]).
Based upon a review of the parties’ submissions, the court finds that plaintiff has not presented a prima facie case of negligence. Specifically, plaintiff has failed to adduce authority to support the imposition of a duty of care upon defendant, the holder of a first mortgage, as to its conduct affecting plaintiff, the holder of a second mortgage. The conclusory statements in plaintiff’s submissions also fail to establish that any action or inaction on defendant’s part was a proximate cause of its injuries for which plaintiff seeks to recover. Accordingly, defendant’s conduct did not give rise to any breach of a duty or liability for such conduct.
*616 Having found that the foreclosure sales complied with the notice requirements embodied in RPAPL 231, defendant is entitled to judgment as a matter of law as to plaintiffs second and third causes of action contained in his complaint.

. Deutsche Bank v Bojarski, Sup Ct, Nassau County, judgment of foreclosure and sale dated Feb. 27, 2007, index No. 018229/06.

. Deutsche Bank v Bojarski, Sup Ct, Nassau County, judgment of foreclosure and sale dated Feb. 27, 2007, index No. 018229/06.

. Complaint U 10.

. March 1, 2010 affirmation of Samit G. Patel at 9.